■ JOEL MILLER, as Administrator of the Estate of HELEN MILLER, Deceased, Appellant, v STATE OF NEW YORK, Respondent.—Levine, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered March 24, 1986, which granted the State's motion to dismiss the claim.

In late December 1984, claimant's mother, Helen Miller, perished in a fire in a building located on the grounds of a resort hotel in the Village of Monticello, Sullivan County. The building was used for housing hotel staff. Miller had been a hotel employee for many years. Although in semiretirement at the time of the fire, the hotel permitted her to remain in residence at the building. For several years prior to the fire, the State Department of Health had issued permits pursuant to the State Sanitary Code (10 NYCRR parts 1-24) to operate the building as a temporary residence (see, 10 NYCRR subpart 7-1).

The claim against the State was brought for negligently contributing to Miller's death in failing to enforce the fire safety requirements of the Sanitary Code as to temporary residences (10 NYCRR 7-1.6—7-1.13) and in continuing to issue temporary residence permits despite having inspected and found fire safety violations as early as 1979. It is also alleged that Miller relied upon the State's continued issuance of permits as an implicit approval of the fire safety conditions of the building.

The Court of Claims granted the State's motion to dismiss the claim, holding alternatively that (1) the issuance of temporary residence permits were discretionary rather than ministerial acts for which the State was immune from tort liability, and (2) no special relationship existed between Miller and the

State giving rise to a duty to Miller different from the general duty regarding code enforcement owed the public at large. This appeal ensued.

In our view, the Court of Claims correctly concluded that the State was immune from liability because the issuance of a permit, under the regulations, involved the exercise of discretion and was not wholly ministerial. The salient distinction between discretionary or quasi-judicial acts and ministerial acts, as described in *Tango v Tulevech* (61 NY2d 34, 41), is that the former "involve the exercise of reasoned judgment which could typically produce different acceptable results", while the latter envision "direct adherence to a governing rule or standard with a compulsory result". In the leading case of *Rottkamp v Young* (21 AD2d 373, *affd* 15 NY2d 831), it was held that the refusal to issue a building permit by a town building inspector was discretionary or quasi-judicial in character because "[t]his determination necessarily involved the construction of the zoning ordinance and a consideration of the facts before him—an act which a building inspector must perform as part of his responsibilities" *(id.,* p 376). The same holds true in the instant case. The regulations direct the State official to issue a temporary residence permit "if he *finds* that the temporary residence will not be a potential source of danger to the general public health and safety or to the health or safety of the occupants * * * and if he *finds* that the temporary residence * * * *conforms or will conform* to the requirements of this Subpart" (10 NYCRR 7-1.4 [c] [emphasis supplied]). The issuing official may also waive or grant a variance from the Sanitary Code's fire safety requirements upon a showing, *inter alia,* that strict compliance would cause economic hardship and that adequate alternative provisions have been made to insure safety of occupants from the risk of fire (10 NYCRR 7-1.13, 7-1.34).

The foregoing provisions demonstrate that, as in *Rottkamp v Young (supra),* the granting or denial of the permit entailed the function of fact finding and then the exercise of judgment in applying the controlling Sanitary Code provisions to the facts as found. And even if fire safety code violations are found to exist, the issuing official is given discretion to grant the permit upon a finding that the residence "will conform to the requirements of this Subpart" (10 NYCRR 7-1.4 [c]). Judgment and discretion are still involved even if, as claimant suggests, the requirement of conformity *within a reasonable time* is read into the regulations before a permit may be issued.

Moreover, claimant's allegation that the issuance of a permit was clearly erroneous under the regulations to the point of being wantonly negligent and an abuse of discretion does not alter this determination. The plaintiff in *Rottkamp v Young (supra)* pleaded that the building inspector "willfully, illegally and arbitrarily" refused to issue the permit in that case, and demonstrated that the denial of the permit was flatly unauthorized under the zoning ordinance *(id.,* p 374). Nevertheless, the court in *Rottkamp* dismissed the complaint, holding that governmental immunity applied, as a matter of law, because of the discretionary quasi-judicial function of the building inspector in acting on permit applications.

The foregoing conclusion is further reinforced by the previous holding of this court in *Burgundy Basin Inn v State of New York* (47 AD2d 692, *lv denied* 37 NY2d 706) that the issuance of a mass gathering permit under the same subpart of the Sanitary Code that is in issue here *(see,* 10 NYCRR 7-1.40—7-1.44) is a discretionary and not wholly ministerial act.

In view of our holding that the State was immune from tort liability in connection with the issuance of the temporary residence permits because that act involved the exercise of discretion, it is unnecessary for us to reach the alternative ground for dismissal invoked by the Court of Claims that the State, in issuing the permit, breached no duty to Miller because of the absence of any special relationship between her and the State.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.