■ ROBERT HAHN, Appellant, v CITY OF RENSSELAER, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Travers, J.), entered January 12, 1990 in Rensselaer County, which granted defendant summary judgment dismissing the complaint.

This action arises out of incidents which apparently occurred in or around July 1983 when defendant terminated the supply of water to plaintiff's property located in the City of Rensselaer, Rensselaer County, allegedly due to the nonpayment of plaintiff's water bill and/or a water problem in plaintiff's basement. As a result, defendant's representatives entered plaintiff's property and removed various fixtures and personal property following an inspection from which it determined that the condition of plaintiff's premises constituted a public health and safety hazard. Consequently, plaintiff commenced this action alleging, inter alia, that defendant intentionally caused him severe emotional distress, intentionally trespassed on his property, converted various fixtures and items of his personal property to its own use, defamed him and violated his right to privacy guaranteed by the Federal Constitution. Following joinder of issue and the commencement of discovery, defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court ultimately granted defendant summary judgment and plaintiff now appeals.

Initially, we reject plaintiff's contention that Supreme Court erred in treating defendant's motion as one for summary judgment without giving the parties notice of its intention to

do so as required by CPLR 3211 (c). While it is true that defendant's notice of motion did not specify whether the motion was being made pursuant to CPLR 3211 or 3212, Supreme Court's treatment of the motion as one for summary judgment was appropriate since issue had been joined and the papers submitted in support of and in opposition to the motion clearly indicated that the parties intended summary judgment treatment (see, Key Bank v Lake Placid Co., 103 AD2d 19, 25, appeal dismissed 64 NY2d 644). By their express language and proof submitted, both parties unambiguously indicated their intention that the motion be treated as one for summary judgment and plaintiff cannot now rightfully claim that it was prejudiced by Supreme Court's election to do so. Unlike the situation presented in Mihlovan v Grozavu (72 NY2d 506, 508), cited by plaintiff, here the parties received notice "by expressly seeking summary judgment" and an appropriate record was made.

Turning to the merits, we initially conclude that Supreme Court correctly granted summary judgment dismissing the first, second, third, fourth and ninth causes of action relating principally to the turning off of plaintiff's water by defendant and also alleging trespass and the violation of his right to privacy. It is well settled that, where a municipality makes a quasi-judicial or discretionary determination involving the "exercise of reasoned judgment which could typically produce different acceptable results", it will be absolutely immune from liability for its conduct, regardless of the reasonableness or propriety of such conduct (Tango v Tulevech, 61 NY2d 34, 41; see, Miller v State of New York, 125 AD2d 853, 854, lv denied 69 NY2d 608; Rottkamp v Young, 21 AD2d 373, 376-377, affd 15 NY2d 831).

Here, the record shows that defendant acted in accordance with various sections of its building code that vest defendant with discretionary or quasi-judicial authority to take such action as is necessary to protect the interests, health, safety and welfare of the public. Of particular significance in this case are the provisions which empowered defendant to take action without prior notice and inspect defendant's premises and to remove and/or abate any hazard or danger existing therein, under emergency circumstances, which defendant found to exist. The presence of such hazards in this case were amply demonstrated in defendant's motion papers, thereby justifying defendant's "exercise of reasoned judgment" (Tango v Tulevech, supra, at 41) and establishing its immunity from liability for the alleged torts.

Supreme Court also correctly granted summary judgment dismissing plaintiff's sixth cause of action for libel and his seventh cause of action for slander since they failed to state causes of action. With respect to the libel claim, plaintiff alleges that two of defendant's employees made libelous statements, which were published in the local newspaper, regarding the condition of his house which purportedly injured his reputation and exposed him to ridicule and contempt. Plaintiff failed, however, to allege that the published statements were made "of and concerning" him *(Julian v American Business Consultants,* 2 NY2d 1, 17; *accord,* 2 NY PJI 103 [1989 Supp]) or that the meaning of the allegedly defamatory language attached to him *(see, Bee Publs. v Cheektowaga Times,* 107 AD2d 382, 384). As for the allegedly slanderous statements reportedly made by defendant's employees to plaintiff's sister, those statements clearly do not constitute slander per se, attack plaintiff's professional ability or accuse him of a crime; therefore, a cause of action for slander cannot be maintained in the absence of a claim for special damages *(see, Casamassima v Oechsle,* 125 AD2d 855, 856). Since plaintiff failed to plead special damages, this cause of action was also properly dismissed.

However, with respect to the remaining two causes of action in the complaint we reach a different conclusion. As a fifth cause of action, plaintiff alleges that while defendant's employees were on his property, they destroyed and/or converted to their own use various fixtures and items of his personal property, a list of which was set forth in plaintiff's bill of particulars. Although defendant is immune from liability for its allegedly uninvited entry upon plaintiff's property for the purpose of removing and abating a hazardous condition, this does not mean that defendant was entitled to commit injury beyond that which was necessary to abate that condition *(see,* 6A McQuillin, Municipal Corporations § 24.74, at 218 [3d ed]). Here, in support of its motion, defendant submitted no proof with regard to how and where it removed and/or disposed of the items claimed to have been in his home. Accordingly, questions of fact remain as to whether the items were converted or destroyed and, if so, whether such action was necessary to abate the hazard existing on plaintiff's premises.

Additionally, inasmuch as this cause of action is connected with plaintiff's eighth cause of action alleging emotional distress due to the alleged conversion, we must conclude that summary judgment dismissing this cause of action was also in error. We note as a final matter that plaintiff argued both

before this court and Supreme Court that he has stated a claim under 42 USC § 1983. While plaintiff's arguments on this point are not entirely clear, it appears that, insofar as plaintiff's cause of action for conversion is maintainable, it is also a claim cognizable under 42 USC § 1983 (see, Gomez v Toledo, 446 US 635, 640).

Order modified, on the law, without costs, by reversing so much thereof as granted defendant's motion and dismissed the fifth and eighth causes of action; motion denied to that extent; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.