■ Romuald Bourgeon, Appellant, v Douglas V. Post, Jr., et al., Defendants, and Town of Colonie et al., Respondents. [594 NYS2d 835] —Weiss, P. J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 28, 1992 in Schenectady County, which granted certain defendants' motions to dismiss the complaint against them.

Plaintiff was arrested in Albany County by Town of Colonie police officers at about 4:00 P.M. on December 24, 1987 pursuant to an outstanding felony arrest warrant issued on December 23, 1987 in Schenectady County by a Justice of the Town Court of the Town of Glenville for the offense of grand larceny in the fourth degree. The warrant which directed the police to arrest plaintiff and bring him before the court was facially valid. After identification, the Colonie police turned plaintiff over to the Glenville police who took him to Glenville Town Court where plaintiff was arraigned and incarcerated. Ultimately, the charges were dismissed and plaintiff commenced

this action alleging, *inter alia,* that defendants Town of Colonie and the Colonie police officers who had contact with him had falsely arrested, falsely imprisoned and maliciously prosecuted him, and that their conduct violated his constitutional rights in contravention of 42 USC § 1983. These defendants moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint against them. Plaintiff has appealed from only that portion of Supreme Court's order which dismissed his 42 USC § 1983 civil rights cause of action against the Colonie police officers for failing to state a cause of action.*

Plaintiff's "seventeenth" cause of action alleges that the individual Colonie police officers, while "acting under color and authority of State law, falsely arrested, falsely imprisoned and maliciously prosecuted [him] in violation of his Federal Constitutional rights and 42 USC §§ 1981, 1983". Distilled of all its rhetoric, plaintiff contends that the Colonie police officers are liable under 42 USC § 1983 for holding him in custody beyond the time they ascertained the general circumstances surrounding the felony complaint.

The United States Supreme Court has held that, notwithstanding protestation of innocence by an accused, the arrest and detention of an individual pursuant to a facially valid arrest warrant does not result in liability under 42 USC § 1983 *(Baker v McCollan,* 443 US 137). Plaintiff contends that because the Colonie police ascertained the facts surrounding the charge and learned that there was no probable cause sufficient to support the warrant, his allegations are adequate to support a civil rights claim where he further alleges that thereafter his confinement was not immediately terminated.

We cannot agree. Under the time parameters alleged and in view of the reasonable division of functions between law enforcement agencies, the committing Magistrate and judicial officers, plaintiff's civil rights were not violated by the Colonie police officers. The Colonie police officers were not involved in the underlying police investigation or the procurement of the arrest warrant. Rather, they only executed a verified outstanding felony warrant against the individual named therein and held that individual arrested until custody was assumed by the Glenville police. Under these circumstances, and despite whatever extraneous facts the officers may have learned

---

* Although the notice of appeal is from the order dismissing the complaint, plaintiff states in his brief, "Appellant now appeals only from dismissal of his Seventeenth cause of action for failure to state a cause of action."

from plaintiff, phone calls or the Glenville Police Department, they did not deprive plaintiff a right secured to him by the Federal Constitution *(see, Baker v McCollan, supra)*. Therefore, under any reasonable view of the facts alleged in the complaint, no cause of action has been stated against the Colonie police officers *(see, Giannelli v St. Vincent's Hosp. & Med. Ctr.,* 160 AD2d 227, 231) and Supreme Court did not err in dismissing the seventeenth cause of action.

Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.