◼ WILLIAM G. MACLAUCHLIN, JR., et al., Respondents, v VILLAGE OF ST. JOHNSVILLE et al., Appellants. [652 NYS2d 149] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered December 28, 1995 in Montgomery County, which denied defendants' motion to dismiss the amended complaint for failure to state a cause of action.

Plaintiffs own a seven-apartment multiple dwelling (hereinafter the premises) in the Village of St. Johnsville, Montgomery County. This action arises out of an incident that took place on April 4, 1991 when defendant Glenn H. Chandler, Code Enforcement Officer for defendant Village of St. Johnsville, entered the premises in connection with alleged building code violations. The amended complaint alleges defendants' tortious conduct in ordering the tenants immediately removed from the premises in the absence of a proper legal proceeding and despite the fact that the property was not in a condition that caused an imminent danger to the tenants' life and safety (first cause of action), slander based upon Chandler's statement "that the building was unsafe" (second cause of action), plaintiffs' entitlement to punitive damages because Chandler's utterance of the defamatory words was "willful, egregious, reckless and intentional" (third cause of action), and, based upon the same underlying facts, plaintiffs' entitlement to compensatory and punitive damages for defendants' violation of 42 USC § 1983 and counsel fees pursuant to 42 USC § 1988 (fourth cause of action).

Instead of answering, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action. Defendants supported the motion with a report filed by the St. Johnsville Fire Department concerning an April 3, 1991 fire in the premises, reportedly caused by the improper startup of an oil furnace, and an April 4, 1991 "order to remedy violation" issued by Chandler, which, together with supporting documentation, identified numerous violations of the Multiple Residence Law and the State Uniform Fire Prevention and Building Code and ordered, *inter alia*, that the

premises not be occupied until such time as all violations were corrected. Supreme Court denied the motion and defendants appeal.

Because we conclude that defendants' motion should have been granted in its entirety, we are constrained to reverse Supreme Court's order. Initially, so much of the first cause of action as alleges an absence of "proper procedures" is clearly lacking in merit. 9 NYCRR 1153.1 provides express authorization for the summary removal of the occupants of a building or structure "which is in imminent danger to life and safety as a result of structural instability, fire, explosion or other hazardous situation" (9 NYCRR 1153.1 [a]), and the numerous code violations cited in the April 4, 1991 order to remedy violation provide an ample basis for Chandler's determination that the premises were in imminent danger to life and safety. In any event, "[i]t is well settled that, where a municipality makes a quasi-judicial or discretionary determination involving the 'exercise of reasoned judgment which could typically produce different acceptable results', it will be absolutely immune from liability for its conduct, regardless of the reasonableness or propriety of such conduct" (*Hahn v City of Rensselaer*, 166 AD2d 795, 796, quoting *Tango v Tulevech*, 61 NY2d 34, 41). Having concluded that defendants were empowered to make the determination that the premises were "in imminent danger to life and safety as a result of structural instability, fire, explosion or other hazardous situation" (9 NYCRR 1153.1 [a]), it necessarily follows that they were authorized to communicate their determination to the parties with the greatest stake in the matter, i.e., the tenants residing in the premises.

Although the foregoing analysis suffices to defeat plaintiffs' defamation cause of action, it is our further view that the statement "that the building was unsafe" was not defamatory in any event. First, the statement by its terms is not likely to " 'expose [plaintiffs] to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [them] in the minds of right-thinking persons' " (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied* 434 US 969, quoting *Sydney v Macfadden Newspaper Publ. Corp.*, 242 NY 208, 211-212). Second, a fair reading of the amended complaint compels the conclusion that the statement was not " 'of and concerning' " plaintiffs and that the meaning of the language did not attach to them (*Hahn v City of Rensselaer, supra*, at 797).

In view of our determination that the first and second causes of action lack merit, there is no basis for the claim for punitive damages. Finally, in the absence of an allegation of any official

policy or custom, the claim under 42 USC § 1983 should have been dismissed (see, Batista v Rodriguez, 702 F2d 393, 397; Willinger v Town of Greenburgh, 169 AD2d 715, 716).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and amended complaint dismissed.