■ STEVEN ELLSWORTH, Appellant, v CITY OF GLOVERSVILLE et al., Respondents. [703 NYS2d 294] —Mugglin, J. Appeal from

an order of the Supreme Court (Tomlinson, J.), entered June 9, 1999 in Fulton County, which granted defendants' motion for summary judgment dismissing the complaint.

In August 1995, plaintiff was arrested pursuant to a warrant issued by the Gloversville City Court for the offense of criminal trespass in the third degree, a class B misdemeanor. Upon arraignment, plaintiff was committed to the Fulton County Jail on $2,500 cash bail which was later posted by plaintiff's wife. Subsequently, upon plaintiff's omnibus motion, City Court dismissed the criminal complaint based upon the facial insufficiency of the allegations therein. Thereafter, plaintiff commenced this action alleging false arrest and imprisonment, malicious prosecution, negligent investigation and arrest, negligent training in investigative procedures and violations of his constitutional rights under 42 USC § 1983. Following the joinder of issue and discovery proceedings, defendants moved for summary judgment dismissing the complaint in its entirety. Supreme Court, noting that defendants' factual recitation was undisputed by the failure of plaintiff to submit any competent admissible evidence other than a memorandum of law, dismissed plaintiff's complaint in its entirety finding that no triable issue of fact existed with respect to any cause of action asserted by plaintiff. Plaintiff appeals.

We affirm. It is axiomatic that a party seeking summary judgment "has the initial burden of making a prima facie showing of entitlement to relief * * * and once this burden is satisfied the nonmoving party must present admissible evidence that a triable issue of fact exists" (*Lebanon Val. Landscaping v Town of Moriah*, 258 AD2d 732, 733-734 [citation omitted]). Here, defendants came forward with admissible proof of facts sufficient to warrant the granting of judgment as a matter of law, thereby imposing upon plaintiff the burden of coming forward with any evidentiary proof available to demonstrate the existence of genuine triable issues of fact. In opposition to the motion, plaintiff failed to lay bare his evidence, instead relying upon an unsworn memorandum of law submitted by his attorney.

On this appeal, plaintiff asserts that the presentation of competent admissible evidence in opposition to the motion for summary judgment was unnecessary since defendants' moving papers themselves raise triable issues of fact which preclude summary judgment. Plaintiff's argument is unavailing. His assertion that an arrest warrant issued on a legally insufficient complaint is a nullity and that plaintiff is therefore required to demonstrate nothing further to defeat the motion for summary

judgment is misplaced. First, there is a presumption that sufficient probable cause exists to issue an arrest warrant where a witness positively identifies a suspect and a court determines that probable cause exists (*see, Gisondi v Town of Harrison*, 72 NY2d 280, 283-284; *Stratton v City of Albany*, 204 AD2d 924, 926). The fact that the charge may be subsequently dismissed due to facial insufficiency of the criminal complaint is simply inadequate to overcome this presumption (*see, Gisondi v Town of Harrison, supra*, at 284). The presumption is "only rebutted by proof the court orders were the result of fraud, perjury or the suppression of evidence by the police" (*id.*, at 284). Here, plaintiff provides no competent admissible evidence in opposition to the motion for summary judgment that the investigating officer fraudulently obtained the warrant. In fact, plaintiff acknowledges that the warrant, itself, is facially valid. Causes of action for false arrest and false imprisonment do not lie where the arrest was made pursuant to a valid warrant issued by an impartial Magistrate with proper jurisdiction since the arrest and subsequent confinement are privileged (*see, Mills v Pappas*, 174 AD2d 780, 782, *appeal dismissed* 78 NY2d 1121, *cert denied sub nom. In Re Mills*, 504 US 971, *reh denied* 505 US 1245; *St. John v Town of Marlborough*, 163 AD2d 761, 762). Since plaintiff has failed to rebut the presumptive validity of the arrest warrant, Supreme Court properly granted summary judgment with respect to these causes of action.

In order to establish a prima facie case of malicious prosecution, a plaintiff must demonstrate (1) the commencement of a criminal proceeding by defendant against him, (2) the termination of that proceeding in his favor, (3) the absence of probable cause for the proceeding, and (4) actual malice (*see, Colon v City of New York*, 60 NY2d 78, 82). It is well established that a criminal proceeding is not considered to be terminated in a party's favor for malicious prosecution purposes where the dismissal results from the facial insufficiency of the criminal information since the dismissal is not based upon the merits of the case (*see, MacFawn v Kresler*, 88 NY2d 859, 860; *see also, Christenson v Gutman*, 249 AD2d 805, 809; *Reinhart v Jakubowski*, 239 AD2d 765). Since the underlying criminal proceeding in this matter was dismissed as a result of facial insufficiency of the criminal information and supporting documents, the merits of the matter were never reached and Supreme Court properly granted summary judgment dismissing plaintiff's malicious prosecution cause of action.

Likewise, Supreme Court properly granted summary judgment regarding those causes of action based on negligent ar-

rest, investigation and training. It is well settled that an action for negligent arrest and investigation does not exist in the State of New York (*see, Hernandez v State of New York*, 228 AD2d 902, 904; *Higgins v City of Oneonta*, 208 AD2d 1067, 1069, *lv denied* 85 NY2d 803).

Finally, there is no merit to plaintiff's contention that his arrest and subsequent confinement violated his liberty interest protected under 42 USC § 1983, based on allegations that the information used to obtain the arrest warrant was insufficient and Fulton County Correctional Facility, by failing to release confiscated funds in cash necessary for his immediate release on bail, required plaintiff to spend an additional 11 hours in jail. Our analysis begins by recognizing that a person who is arrested pursuant to a facially valid arrest warrant does not have any claim under 42 USC § 1983 (*see, Bourgeon v Post*, 191 AD2d 889, 890). Moreover, to prevail on such a cause of action, it must be demonstrated that "an official policy or custom * * * causes [a party] to be subjected to * * * a denial of constitutional right[s]" (*Howe v Village of Trumansburg*, 199 AD2d 749, 751, *lv denied* 83 NY2d 753). Failure to allege or to produce evidence of an official policy or custom requires dismissal of the action (*see, MacLauchlin v Village of St. Johnsville*, 235 AD2d 702, 703-704; *Higgins v City of Oneonta, supra*, at 1071).

Here, plaintiff was arrested on a facially valid arrest warrant precluding any claim under this Federal statute. Also, plaintiff failed to make any evidentiary showing of a custom or policy of defendants which results in a violation of constitutional rights evidencing the total lack of a legitimate claim under 42 USC § 1983. Accordingly, Supreme Court properly granted summary judgment to defendants dismissing this cause of action.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.