OPINION OF THE COURT
Paul G. Feinman, J.
Resolution of this motion to dismiss for failure to state a cause of action requires the court to determine whether the municipal defendants should be afforded immunity for the *506 issuance of a three-day notice by an inspector from the New York City Department of Environmental Protection (DEP). As a consequence of receiving the notice, plaintiff, a residential landlord, was obliged to expend funds to hire a contractor to excavate the street in front of its building in order to repair an underground water pipe. It turned out that the leaky pipe did not belong to plaintiff, but rather to another building down the block. The court concludes that the inspector’s actions were discretionary, rather than ministerial, in nature. Therefore, as a matter of law, the municipal defendants are entitled to immunity even if it can be said that these discretionary duties were carried out negligently. Accordingly, the motion to dismiss must be granted.
Plaintiff owns a building located at 365 West End Avenue, New York, New York. On January 4, 2001, an inspector from defendant DEP issued a three-day notice requiring plaintiff to repair a pipe supplying water to the building after the DEP investigated the area and found a “slight noise on DZL [domestic water line]” (notice of motion, exhibit C). The notice advises plaintiff that after investigation “the pipe through which water is conveyed to the above premises is defective and leaking” (notice of motion, exhibit B; answer, exhibit A, three-day notice). Plaintiff was directed to hire a licensed plumber who, after obtaining the necessary permits, was to open up the street and sidewalk and make the repairs within three days, or the water supply would be shut off. Plaintiff hired a contractor, NYC Water Works. The contractor excavated the roadway and sidewalk to expose the existing water service and found the pipe to be free of defects, and that the source of the leak was “further up the block” and “exit[ed] in front of [plaintiff’s building].” (Affirmation in opposition, exhibit B, Foley affirmation.) Plaintiff subsequently requested reimbursement for the contractor’s fees from the City, claiming its error caused plaintiff to hire a contractor for $5,000.
Defendants move to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that it fails to state a cause of action as a matter of law. They argue that the inspection by the DEP employee was an official action involving an act of discretion, and that such acts of a municipal entity are “absolutely immune” from liability. While “ [g] overnmental immunity under the decisional law of this State does not attach to every act, * * * when official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in *507 damages for the injurious consequences of that action.” (Haddock v City of New York, 75 NY2d 478, 484 [1990], citing Tango v Tulevech, 61 NY2d 34, 40 [1983].) This is true, even if the action was taken negligently or with malice. (Tango v Tulevech, 61 NY2d at 40.) However, an action that is “exclusively ministerial, * * * if it is otherwise tortious and not justifiable pursuant to statutory command,” can subject the municipality or officer to liability (id.). The rule that has developed is that “ ‘discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result.’” (Lauer v City of New York, 95 NY2d 95, 107 [2000], quoting Tango v Tulevech at 41.) Thus, where the police department refused to take a missing persons report, such act was discretionary and the City could not be held liable (Green v City of New York, 181 Misc 2d 607 [Civ Ct, Kings County 1999]). A claim of negligent investigation and hearing of a plaintiffs discrimination complaint leading to injurious results was not actionable as the investigation was a discretionary act by an employee of a municipal agency (McWilliams v New York City Commn. on Human Rights, 239 AD2d 105 [1st Dept 1997]). Where a municipality issued a building permit allowing construction of a garage which did not comply with the applicable zoning laws, such action was held discretionary and immune from suit (Dinerman v Poehlman, 237 AD2d 483 [2d Dept 1997]; see also, Hahn v City of Rensselaer, 166 AD2d 795 [3d Dept 1990] [defendant was immune from suit for its decision to turn off water to plaintiffs building for alleged nonpayment]).
Plaintiff contends the conclusion by the DEP inspector that there was a leak and the decision to issue a three-day notice were ministerial and subject to liability. Citing Tango and its progeny, which hold that discretionary acts involve the exercise of reasoned judgment which “could typically produce different acceptable results” (Tango at 41), plaintiff argues there could not have been different “acceptable results” since there was only one result, a leak or no leak (affirmation in opposition H 10). At best, plaintiff appears to focus on the mechanics of the test, the skill and ability of the inspector to understand what he or she was doing, and the erroneous conclusion that there was a leak. However, plaintiff mischaracterizes the nature of the inquiry which the court is called upon to make. Rather than focus on the result, that is, whether the municipal actor *508 made the correct decision, the court must examine whether the action taken was the result of the necessary use of reasoned judgment in making the decision. Here, while one might argue that the inspector did not carry out his duties very well, and perhaps even negligently in that he identified the wrong pipe as being leaky, it is clear that the decision to issue the three-day notice to repair was a discretionary action.
According to the January 4, 2001 report of the DEP inspector, personnel from plaintiffs building initially contacted the DEP about a possible leak and after several days passed and there was still concern, again contacted the DEP which determined it should visit the location. The report also appears to suggest that after the inspector determined there was a slight noise on the domestic water line, he called a supervisor at engineer management who directed that the three-day notice to repair should be issued.*
When deciding a motion to dismiss pursuant to CPLR 3211 (a) (7), the court will liberally construe the pleading, “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory.” (Leon v Martinez, 84 NY2d 83, 87-88 [1994].) Here, plaintiff sets forth allegations which, if true, could establish negligence in that perhaps the DEP personnel negligently operated the sonoscope. However, that is insufficient to defeat the motion to dismiss in this action. Plaintiff fails to establish any viable theory that the actions were ministerial in nature, rather than the inexpert exercise of the defendant DEP’s discretion. The immunity afforded the municipal defendants here “reflects a value judgment that — despite injury to a member of the public — the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing * * *, outweighs the benefits to be had from imposing liability for that injury. * * * As a general proposition, it is not for the courts to second-guess the wisdom of discretionary governmental choices, troubling though they may *509 sometimes seem in the glaring clarity of hindsight.” (Haddock v City of New York, 75 NY2d at 484-486). At best, plaintiff would be able to prove that the DEP could have more expertly carried out the sonoscope, or even used an alternative method of locating the leak; however, that is not enough to transform the acts here into ministerial acts. Accordingly, the defendants’ motion to dismiss on the ground they are immune and therefore plaintiff fails to state a cause of action as a matter of law is granted. It is ordered that the motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is granted.

 The handwritten notations say that on December 23, 2000, an inspector “[c]ailed and spoke to super who informed me leak still same & he feels leak coming from the D/L in same. He is going to call his plumber to ck D/L, re-ck 12/26/00.” On January 4, 2001, an inspector “[w]ent to location and found leak getting worse, [indecipherable] S/L get slight noise on D/L. Build[ing] have no F/L. Spoke to Bldg or Engineer Management. He said to issued [sic] 3 day: for broken D/L.”