■ ELAINE K. LEFF, Respondent, v ARTHUR L. LEFF, Appellant.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about June 17, 1991, which, *inter alia,* declared a settlement agreement entered into by the parties on May 24, 1988, to be binding and enforceable, and which awarded plaintiff the sum of $6,500 pursuant thereto, unanimously reversed, on the law, without prejudice to plaintiff to renew her motion for summary judgment after joinder of issue, and without costs.

Plaintiff brought this action by order to show cause seeking, *inter alia,* a declaratory judgment establishing that the terms of an agreement entered into with defendant, her former husband, are binding and enforceable. The order to show cause simultaneously moved for summary judgment on the basis of the agreement and various supporting exhibits.

The subject agreement had been reached in a prior proceeding brought by defendant to modify and reduce the amount of his child support obligation under the terms of a judgment of divorce filed July 21, 1982. Defendant executed the settlement agreement, which he had prepared, on May 24, 1988, following the filing of a report by a Special Referee on March 30, 1988. The Referee found that defendant had effectively hidden sources of income through his repeated failure to produce Federal income tax returns, and recommended that he be directed to pay child support arrears totalling approximately $18,000. The Special Referee further recommended that defendant's motion for downward modification be denied.

Although the IAS court's goal of furthering judicial economy is a laudatory one, the rule prohibiting the grant of summary judgment prior to joinder of issue is strictly adhered to (City of Rochester v Chiarella, 65 NY2d 92, 101; see, Alro Bldrs. & Contrs. v Chicken Koop, 78 AD2d 512; Siegel, NY Prac § 279). We are cognizant that, as the IAS court observed, defendant did submit a verified answer with his affidavit opposing the motion for summary judgment as premature. Since it was included as an exhibit, however, we cannot assume "it unequivocally clear that [he was] laying bare [his] proof and deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320). Concur— Sullivan, J. P., Wallach, Kassal and Rubin, JJ.