■ JANICE KASTENDIECK et al., Respondents, v LOIS KASTENDIECK et al., Appellants. [595 NYS2d 184] —Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 31, 1991, which denied defendants' cross-motion to dismiss on the grounds of forum non conveniens, unanimously affirmed, without costs.

Plaintiffs, New York residents, commenced this action in New York County for personal injuries sustained in a motor vehicle accident which occurred in Missouri. When the incident occurred, plaintiffs were passengers in a motor vehicle owned by defendant Lois Kastendieck and operated by defendant Keith Kastendieck, mother and brother, respectively, of plaintiff Kastendieck, and both Missouri residents. The accident report indicates that defendant Keith Kastendieck crossed the line in the road at a curve at excessive speed and collided nearly head on with the second driver. Plaintiffs received initial medical treatment at a Missouri emergency room and plaintiff Kastendieck was transferred to another Missouri hospital for an eight-day stay.

Factors considered in determining a motion to dismiss on the grounds of forum non conveniens include the burden on New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit *(Islamic Republic v Pahlavi,* 62 NY2d 474, 479). "The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation" *(supra,* at 479). Further, although not the sole determining factor, the residence of a plaintiff has been held "to generally be ' "the most significant factor in the equation" ' " *(Cadet v Short Line Term. Agency,* 173 AD2d 270).

The IAS Court did not abuse its discretion in denying defendants' cross-motion inasmuch as defendants did not sustain their burden of demonstrating that the plaintiffs' choice of forum should be disturbed. Contrary to their contention,

defendants have failed to establish that the driver of the second vehicle is still amenable to jurisdiction in Missouri. Further, as plaintiffs argue, that the cars were registered in Missouri or that Missouri law may be applied are not significant considerations inasmuch as ownership and control of the vehicles are not in question and since New York courts may take judicial notice of Missouri law, if necessary *(Corines v Dobson,* 135 AD2d 390, 392). Moreover, any medical reports regarding plaintiffs' initial treatment or accident reports may be sent to New York for litigation purposes. Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.