■ MOHAN SHAH, Respondent, v SHYAM SHAH et al., Appellants. [626 NYS2d 786] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about July 22, 1993, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross-motion for summary judgment on the first cause of action for liquidated damages in the amount of $75,000; and judgment entered thereon on August 19, 1993, awarding plaintiff $100,785.50, unanimously affirmed, without costs.

Plaintiff Mohan Shah ("Mohan") is a resident of New York State and his cousin, defendant Kishan Shah ("Kishan") is also a resident of New York State. Defendant Shyam Shah ("Shyam") is Kishan's father, Mohan's uncle, and is an Indian resident and citizen who frequently travels to New York to transact business. There is no dispute that all of the parties herein are experienced businessmen.

In or about 1976, the families of Mohan and Shyam agreed to develop certain property located in Bhagalpur (Bihar), India (the "Property") into a charitable hospital and, to further that end, the Property was transferred to the Seth Baldevdas Shah Charitable Trust (the "Trust"), of which defendants are the Trustees. The families, over time, had a falling out which resulted in a number of lawsuits between the parties.

On or about May 31, 1989, the parties entered into a Settlement and Consent Agreement ("Agreement") in order to "settle all commercial, personal and business matters in dispute between them". The suspension of hostilities, however, was short-lived, and plaintiff commenced the underlying action by the service of a summons and verified complaint on or about January 26, 1990 asserting that defendants had

breached the Agreement. Specifically, plaintiff contends that the defendants failed to transfer the Property to him within the time frame set forth in paragraphs 2.2 through 2.4 of the Agreement.

Prior to the joinder of issue, defendants moved for "summary judgment," pursuant to CPLR 3211 (a) (2); (c), dismissing the action on the grounds of, essentially, forum non conveniens. Plaintiff cross-moved for partial summary judgment on his first cause of action seeking $75,000 in liquidated damages, which was provided for in the Agreement. The IAS Court denied defendants' motion and granted plaintiff's cross-motion for the amount sought. Defendants appeal and we now affirm.

Justice Moskowitz correctly denied defendants' motion to dismiss the complaint on forum non conveniens grounds. Paragraph 5 of the Agreement states, in pertinent part: "With respect to the Real Property which is the subject of 2.2, 2.3 and 2.4 hereof, the construction, interpretation and legal effect of this Agreement, and of any rights, claims, liabilities or responsibilities flowing therefrom, and any dispute related thereto shall be determined, *with respect to the Real Property, in accordance with and interpreted under the laws of India,* without giving effect to the principles of conflict of laws, *and with respect to the legal effect of this Agreement, in accordance with and interpreted under the laws of the State of New York,* without giving effect to principles of conflict of laws. *Any dispute related thereto shall be exclusively determined by the Courts of competent jurisdiction in the State of New York, County of New York, or the Bombay High Court, Bombay, India.* Kishan, Shyam and Mohan hereby consent to the exclusive jurisdiction in the High Court of Bombay, India, and/or of the Supreme Court of the State of New York, New York County, in respect of any such dispute." (Emphasis added.)

It is beyond dispute that forum selection clauses are prima facie valid and are not to be set aside except in instances of fraud or overreaching or where the enforcement of the clause would be so unreasonable and unjust as to make a trial in the selected forum "so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" *(British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg,* 172 AD2d 234; *Bremen v Zapata Off-Shore Co.,* 407 US 1, 12-18; *Matter of Fidelity & Deposit Co. v Altman,* 209 AD2d 195). Further, the burden of establishing that New York is an improper forum is a heavy one and rests on the shoulders of the defendants

(*Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65, 74; *Kastendieck v Kastendieck,* 191 AD2d 328).

In the matter before us, defendants have failed to demonstrate any compelling factors which would warrant the rejection of plaintiff's choice of forum. Both plaintiff and defendant Kishan are New York residents, defendant Shyam is a frequent traveler to New York on business, and defendants have not shown any other hardships which might result from litigating this action in New York. In addition, the Agreement containing the forum selection clause was negotiated by experienced, sophisticated businessmen and there has been no demonstration of fraud or overreaching or that the enforcement of the clause would deprive defendants of their day in court. As a result, the discretion of the trial court in maintaining the action in New York should not be disturbed.

The trial court also correctly treated the motion and cross-motion as motions for summary judgment. CPLR 3212 (a) provides that a motion for summary judgment may be made "after issue has been joined." The rule requiring joinder of issue is strictly adhered to (*City of Rochester v Chiarella,* 65 NY2d 92, 101; *Leff v Leff,* 182 AD2d 401, 402).

Plaintiff contends, however, that summary judgment was properly granted, absent the joinder of issue, pursuant to CPLR 3211 (c) which states, in pertinent part: "Upon the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment. *Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment"* (emphasis added).

Plaintiff maintains that the defendants, having moved pursuant to the foregoing section, have clearly charted a course for summary judgment, thereby eliminating the notice requirement. We agree.

There are three exceptions to the notice requirement: (1) where the action in question involves no issues of fact but only issues of law which are fully appreciated and argued by both sides; (2) where a request for summary judgment pursuant to CPLR 3211 (c) is specifically made by both sides; and (3) where both sides deliberately lay bare their proof and make it clear they are charting a summary judgment course (*Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320; *Mihlovan v Grozavu,* 72 NY2d 506, 508).

In the matter before us, both sides specifically denominated

their motions as seeking summary judgment pursuant to CPLR 3211 (c). Further, while defendants now argue that the IAS Court acted prematurely in treating the pre-joinder motions in summary judgment fashion, we note that once plaintiff's cross-motion was made, defendants, rather than protest that the motion was premature, addressed plaintiff's motion strictly on the merits and went so far as to submit a "Special Supplemental Affidavit" in order to address plaintiff's claims. Nowhere in defendants' opposition papers do they oppose plaintiff's cross-motion for partial summary judgment as being premature pursuant to CPLR 3212.

We also agree with the IAS Court that plaintiff is entitled to summary judgment on his first cause of action. The provisions under which plaintiff claims entitlement to relief are set forth in paragraphs 2.2 through 2.4 of the Agreement which state, in relevant part:

"2.2 Kishan and Shyam shall cause the Shah Charitable Trust, a charitable trust which Kishan and Shyam hereby represent (a) to be organized and existing pursuant to the laws of the Republic of India (the 'Trust'), and (b) presently to hold title to certain real property and the improvements thereon, *to wit,* the land and building located at House No. 4 & 5 (Old), D.N. Singh Road, Ward No. 3 (Old), Bhagalpur, India, *to retransfer, re-convey, register, etc., the Real Property and title thereto and in the name of Mohan, by all appropriate and requisite acts and deeds, so as to make Mohan the fee owner thereof within sixty (60) days of the execution of this agreement,* or of the instrument annexed as Exhibit 'F' hereto (whichever shall bear the later date, but in no event more than sixty-seven (67) days from the date of this Agreement) * * *

"2.3 Kishan and Shyam, hereby warrant and represent that they shall cause the Trust to execute, deliver, file and register an instrument in the form of Exhibit 'F' other appropriate deeds, documents of title and other papers and to execute and deliver all of the necessary documents in order to effectuate a legally binding re-transfer of clear, *clean title to the real property without defects, liens or encumbrances pursuant to the applicable laws of Bhagalpur, India * * *

"2.4 *In the event that (a) the Trust shall fail to re-transfer and re-convey title in the real property to Mohan within the sixty-seven (67) days* referred to above * * * then Kishan and Shyam shall pay to Mohan by demand draft in India, *as liquidated damages,* recognizing the difficulty in determining

actual damages, and not as a penalty in India currency, the exchange equivalent of U.S. Seventy-Five Thousand Dollars ($75,000.00). Kishan and Shyam represent that they are jointly and severally liable for such sums as may be payable to Mohan by virtue of the provisions of this paragraph 2.4." (Emphasis added.)

Plaintiff has submitted evidence which indicates that the Trust, of which defendants are Trustees, was still listed as the holder of the Property after the contractual deadline passed. Defendants' expert on Indian law, however, contends that the Trust executed and registered a "Relinquishment Deed" which extinguished all interest in the Property which the Trust "might ever have been presumed to have." A review of the Deed reveals a handwritten, partially illegible document which gives no indication of having been registered or officially documented. The defendants also assert that they filed a second document in furtherance of the transfer entitled "Declaration—Cum—Indemnity", which also bears no evidence that it was executed, filed or registered. Defendants assertions that because Mohan failed to claim that the document was not registered there is no issue with regard to it, simply fails to cure the obviously insufficient document or prove, as they are required to do, that the Property was, in fact, transferred.

In sum, we find, as did the IAS Court, that the defendants, absent their attempts to obfuscate the issues, have failed to establish that they have complied with the specific terms of the Agreement. Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.