■ TIMOTHY A. KIRKPATRICK et al., Appellants, v DIVERSI-FIED SPORTS, INC., et al., Defendants. DIVERSIFIED SPORTS, INC., et al., Third-Party Plaintiffs-Respondents-Appellants, v BROTHERS PAINTING, Third-Party Defendant-Respondent. DIVERSIFIED SPORTS, INC., et al., Third-Party Plaintiffs-Respondents-Appellants, v JAMES E. KIRKPATRICK et al., Third-Party Defendants-Appellants-Respondents. (Appeal No. 2.) [629 NYS2d 152] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly refused to grant the motion of third-party defendant James E. Kirkpatrick to dismiss the causes of action for indemnity and contribution interposed against him by third-party plaintiffs in this Labor Law § 240 case. Third-party plaintiffs alleged in their pleadings that James Kirkpatrick exercised control and supervision over the work of plaintiff Timothy A. Kirkpatrick and failed to protect him adequately from injury. Those allegations are sufficient to defeat the motion to dismiss (see, Stimson v Lapp Insulator Co., 186 AD2d 1052).

There is no merit to the contention that the court erred in converting the motion of Timothy and James Kirkpatrick to dismiss the second cause of action in the amended second third-party complaint to one for summary judgment without ade-

quate notice to the parties. It is clear from the motion papers and arguments that the parties were " 'deliberately charting a summary judgment course' " *(Mihlovan v Grozavu,* 72 NY2d 506, 508, quoting *Four Seasons Hotels v Vinnick,* 127 AD2d 310, 320).

We conclude that the court properly dismissed third-party plaintiffs' contract cause of action. Although the parties' contract provided that "Workmen's *[sic]* Compensation and Public Liability Insurance" was to be taken out by Brothers Painting, it did not provide that third-party plaintiffs be named as insureds or additional insureds. Third-party plaintiffs, therefore, were not entitled to indemnification as a result of the failure of Brothers Painting to procure the insurance *(see, American Home Assur. Co. v Mainco Contr. Corp.,* 204 AD2d 500).

We have considered the remaining contentions and conclude that they are without merit. (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Dismiss Causes of Action.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.