■ DAVID B. JACOBS, Appellant, v SAM HABER et al., Respondents. [648 NYS2d 638] —In an action, inter alia, to recover damages for fraudulent inducement, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered September 28, 1994, which granted the defendants' motion to dismiss the complaint, and (2) as limited by his brief, from so much of an order of the same court, entered October 24, 1994, as, upon sua sponte vacating the prior order entered September 28, 1994, granted the defendants' motion to dismiss the complaint.

Ordered that on the court's own motion, the appellant's notice of appeal from the order entered October 24, 1994, is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]; Kokalari v Kokalari, 166 AD2d 418); and it is further,

Ordered that the appeal from the order entered September 28, 1994, is dismissed, as that order was vacated by the order entered October 24, 1994; and it is further,

Ordered that the order entered October 24, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly dismissed the subject complaint, inasmuch as it did not state a cause of action (see, CPLR 3211 [a] [7]). More particularly, to the extent that the plaintiff appears to seek money damages for alleged fraudulent misrepresentation and/or fraudulent concealment, he has failed to allege the specific nature or content of the purported misrepresentation, his justifiable reliance thereon, and/or the existence of such a relationship between the parties as would create a duty to disclose the purported concealed facts (see generally, CPLR 3016 [b]; 900 Unlimited v MCI Telecommunications Corp., 215 AD2d 227; MBF Clearing Corp. v Shine, 212 AD2d 478; Getty Petroleum Corp. v DeIorio, 194 AD2d 762; County of Westchester v Becket Assocs., 102 AD2d 34, affd 66 NY2d 642). Moreover, review of the parties' respective evidentiary submis-

sions on the motion *(see generally, Mihlovan v Grozavu,* 72 NY2d 506; *Kirkpatrick v Diversified Sports,* 216 AD2d 892; *Shah v Shah,* 215 AD2d 287; *O'Dette v Guzzardi,* 204 AD2d 291) demonstrates that the critical factual allegations of the subject complaint are manifestly false *(see generally, Ullmann v Norma Kamali, Inc.,* 207 AD2d 691).

Under these circumstances, and since the plaintiff has already served three defective complaints in this matter and did not seek leave to replead in opposing the defendants' latest motion to dismiss *(see,* CPLR 3211 [e]), we reject his present request for permission to draft yet another complaint in this action.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.