■ CD MUSIC COMPANY, Respondent, v BASSLINE, INC., Defendant, and JOSEPH P. LEONARDO et al., Appellants. [663 NYS2d

43] —In an action, *inter alia*, to recover damages for goods sold and delivered, the defendants Joseph P. Leonardo, Audrey Stein Leonardo, and Steven P. Manney appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated August 9, 1996, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as it is asserted against them.

Ordered that the order is modified by deleting therefrom the provision denying that branch of the motion which was to dismiss the complaint insofar as it is asserted against the defendant Audrey Stein Leonardo and substituting therefor provisions granting that branch of the motion and dismissing the complaint insofar as it is asserted against that defendant; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants, and the action against the remaining defendants is severed.

The plaintiff failed to state a cause of action (*see,* CPLR 3211 [a] [7]) against the defendant Audrey Stein Leonardo, insofar as its complaint seeks to hold her personally liable for the debt owed by the corporate defendant Bassline, Inc. (hereinafter Bassline), for the delivery and receipt of musical compact discs. A review of the parties' respective evidentiary submissions on the motion (*see generally, Mihlovan v Grozavu,* 72 NY2d 506; *Kirkpatrick v Diversified Sports,* 216 AD2d 892; *Shah v Shah,* 215 AD2d 287; *O'Dette v Guzzardi,* 204 AD2d 291) demonstrates that the critical factual allegation of the subject complaint, i.e., that Audrey Stein Leonardo exercised sufficient domination and control over Bassline so as to pierce the corporate veil between her and Bassline (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141-142) is manifestly false (*see generally, Ullmann v Norma Kamali, Inc.,* 207 AD2d 691).

However, we find that the plaintiff has stated a cause of action against the defendants Joseph P. Leonardo and Steven P. Manney for money due and owing sufficient to withstand a motion under CPLR 3211 (a) (7). The plaintiff alleged that Joseph P. Leonardo and Steven P. Manney, as sole shareholders and officers of the corporate defendant, controlled the daily operations involved in running their distributorship, and used their control to induce the plaintiff to continue making deliveries of musical compact discs to the corporate defendant for which it did not pay. The plaintiff further asserted that the aforesaid individual defendants were using the corporate defendant for their personal financial gain at the expense of the corporate

defendant (see, Matter of Morris v New York State Dept. of Taxation & Fin., supra, at 141-142; Austin Powder Co. v McCullough, 216 AD2d 825; Hyland Meat Co. v Tsagarakis, 202 AD2d 552; Matter of Guptill Holding Corp. v State of New York, 33 AD2d 362, affd 31 NY2d 897). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.