■ In the Matter of the Guardianship of Jose Antonio G. and Others, Infants. Julia G., Appellant; St. Vincent's Services, Inc., et al., Respondents, et al., Respondent. [670 NYS2d 77] —Orders of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about November 14, 1995, which terminated appellant's parental rights to the subject children upon findings of mental illness and mental retardation and committed custody and guardianship to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

The evidence adduced at the hearing clearly and convincingly established that appellant is afflicted with mental illness and mental retardation resulting in fundamentally impaired judgment and an inability to provide adequately and properly for the subject children (*see*, Social Services Law § 384-b [4] [c]; [6] [a], [b]). We see no reason to disturb the court's evaluation of expert testimony. There was ample evidence that appellant's cognitive abilities were so significantly deficient that she could not perform elementary tasks required for independent living (*see, Matter of Jessica Latasha B.*, 234 AD2d 48).

Appellant's challenge to the admissibility of case records prepared by the child care agency is without merit. These business records were admitted upon a proper foundation (*see*, CPLR 4518 [a]; *Matter of Brooke Louise H.*, 158 AD2d 425). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.

■ HH Princess Zarina Zainal, Respondent, v America-Europe-Asia International Trade and Management Consultants, Limited, et al., Appellants, et al., Defendant. [670 NYS2d 76] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 19, 1996, which, to the extent appealed from, denied defendants-appellants' motion to dismiss the complaint for lack of personal jurisdiction, for failure to state a cause of action against defendant Allen and on the ground of forum non conveniens, unanimously affirmed, without costs.

The motion court correctly determined that defendant Allen's meeting with plaintiff, at which the letter of intent and alleged oral joint venture agreement were negotiated and entered into, was a purposeful availment of the privilege of conducting business in this jurisdiction rather than an insignificant and fortuitous transitory presence, inasmuch as the discussions were directly related to the creation of the alleged oral agreement whose provision prohibiting transfer of the Malaysian Planet Hollywood franchise is the focus of plaintiff's allegations (*compare, Philan Ins. v Hall & Co.*, 215 AD2d 112, *with Juron & Minzner v Dranoff & Patrizio*, 194 AD2d 402).

The motion court properly exercised its discretion in retaining jurisdiction, since defendants failed to sustain their burden of demonstrating that New York is an inconvenient forum (*see, Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 73). The application of the law of sister States does not present an undue burden (*see, Kastendieck v Kastendieck*, 191 AD2d 328; *Kronengold v Hilton Hotels Corp.*, 166 AD2d 325). Moreover, as the motion court aptly noted, the alleged oral joint venture agreement would likely be governed by the law of this jurisdiction. The convenience of witnesses does not militate toward resort to a different forum, since defendants failed to name any witnesses (*see, Matter of Katz v Lazaroff*, 236 AD2d 257; *De-Vita v Vita*, 240 AD2d 536) or demonstrate how their testimony would be material (*see, Yoshida Print. Co. v Aiba*, 213 AD2d 275).

Finally, Allen's signature on the letter of intent in his corporate capacity does not insulate him from liability with respect to claims arising from the alleged oral joint venture agreement or plaintiff's tort claims.

We have considered defendants-appellants' other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.