*544 OPINION OF THE COURT
Herman Cahn, J.
Defendants, American Broadcasting Companies, Inc. (ABC), Alan Frost (Frost), Brandon Burke (Burke), and Ken Crowell (Crowell) (collectively the defendants) move for an order, pursuant to CPLR 3211 (a) (7), dismissing the complaint and for summary judgment, CPLR 3212.
This action arises out of a claim by the plaintiff William Unotti that he was terminated from his position* as an Outside Prop Person in retaliation for his assisting “in an investigation conducted by ABC in connection with a lawsuit alleging violations of the Human Rights Law”. The complaint seeks recovery on two causes of action for the claimed retaliation and for aiding and abetting such retaliation, respectively. The plaintiff bases his claims against the defendants on their alleged violation of the Human Rights Law (Executive Law § 296 [1] [e]).
The defendants contend that the plaintiffs claims must fail as a matter of law, since the facts as pleaded fail to state a cause of action under applicable law in that the facts alleged by plaintiff do not establish a prima facie case of retaliation under the Human Rights Law. The defendants argue that the complaint does not allege that the plaintiff engaged in conduct protected by the Human Rights Law and that the plaintiff cannot show a causal connection between the conduct he erroneously claims is protected by the Human Rights Law and the decision to cease hiring him as a per diem employee because the individuals who made this decision were unaware of his purported protected activity.
Unotti worked for ABC as a per diem stagehand performing the work of an Outside Prop Person on the ABC show “Good Morning America Sunday.” In June 1996, an internal investigation was commenced by ABC’s in-house counsel into allegations made by a former employee against a supervisor, of purported kickbacks. The plaintiff was interviewed regarding his knowledge of this purported misconduct involving kickbacks paid for work assignments and this particular supervisor’s behavior.
In December 1996, Unotti was involved in a confrontation with a female nonunion script coordinator who also worked on the “Good Morning America Sunday” show. The subject dispute *545 involved the female employee’s delivery of scripts to show personnel. As stated in paragraph 21 of the complaint: “Despite plaintiffs request, the employee absolutely refused to cease performing plaintiffs duties and a confrontation ensued.”
A meeting concerning this altercation and plaintiffs workplace behavior was had on December 12, 1996, which was attended by Unotti, Burke, Frost and Crowell. The result of this meeting was a December 31, 1996 letter to plaintiff from Crowell confirming certain workplace behavior guidelines with a specific reminder to Unotti of ABC’s policy against retaliation. (The retaliation referred to in the letter was apparently retaliation against the individual who made the complaint against Unotti.) Plaintiff asserts on information and belief that the accusations as to his conduct, which were discussed at the December meeting and described in the letter, were fabricated as retaliation for his testimony in the aforesaid in-house investigation. The plaintiff stated that he denied any such inappropriate behavior.
Subsequently, a complaint was forwarded to Burke that Unotti was asking other personnel as to who “ratted him out.” After a meeting with Burke and Crowell on February 4, 1997, despite Unotti’s denial, he was informed that he would no longer be hired by ABC and was terminated from his position. Thereafter, a union grievance was filed on behalf of Unotti, which resulted in a finding on February 13, 1998, that he could reapply to ABC for employment one year from the date of the recommendation. The plaintiff thereupon instituted this action.
On a motion made pursuant to CPLR 3211, to dismiss for failure to state a cause of action, it is well settled that the factual averments in a pleading must be accepted as true and the complaint liberally construed in the pleader’s favor (Anguita v Koch, 179 AD2d 454 [1st Dept 1992]). The court will afford plaintiff the benefit of all reasonable inferences. Such motion should be denied if from the pleading factual allegations are discerned which taken together manifest any cause of action cognizable at law (Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665 [1st Dept 1993]). The court has examined the pleading to see if its factual allegations state a cause of action cognizable at law.
Here the complaint is pleaded based on violation of the State Human Rights Law (Executive Law § 290 et seq.), and specifically that provision prohibiting retaliatory action, section 296 (1) (e).
A careful analysis of the complaint reveals that it does not contain allegations of fact which would constitute a violation of *546 section 296 (1) (e) of the Executive Law, the only section claimed to have been violated. Section 296 (1) (e) prohibits employers from retaliating against an employee “because he has opposed any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article” (Engstrom v Kinney Sys., 241 AD2d 420, lv denied 91 NY2d 801). The complaint does not allege that plaintiff either opposed any practices forbidden or téstified or assisted in or brought any proceeding under the relevant provisions of the Executive Law. Rather, plaintiff alleges that he was questioned by ABC’s in-house counsel as part of a purely internal investigation which had nothing to do with alleged violations of the Human Rights Law and was clearly not a “proceeding” under the Human Rights Law.
“New York courts require the same standard of proof in actions brought pursuant to Executive Law § 296 as that applied to Federal actions brought under title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2) since the language of the two statutory provisions are almost identical (see, Fair v Guarding Eyes for the Blind, 742 F Supp 151, 157, supra).” (Yukoweic v International Bus. Machs., 228 AD2d 775, 776, n [3d Dept 1996].)
The issue of whether the anti-retaliation provision of the statute protects an employee who has cooperated in a purely internal investigation does not appear to have been considered by courts in this State. The issue has been decided in the Federal context in Vasconcelos v Meese (907 F2d 111 [9th Cir 1990]), in which the court determined that the statute’s protections are limited to actions of the employee relating specifically to violations of the statute or before the Equal Employment Opportunity Commission (see, Kotcher v Rosa & Sullivan Appliance Ctr., 957 F2d 59 [2d Cir 1992]). This court adopts the reasoning of said case. The section by its own terms is limited to proceedings brought under this article. In-house investigations of complaints are not such proceedings. Employees taking part in such investigations are not covered by the section unless the complaint relates to conduct prohibited by the Human Rights Law. Here, it seems clear that the in-house investigation did not relate to any such claimed conduct. Therefore, the anti-retaliation sections of the statute are not implicated, and the motion to dismiss should be granted.
As to that branch of the motion seeking summary judgment pursuant to CPLR 3212, it is denied as moot in light of the CPLR 3211 dismissal. In addition, it is premature, inasmuch *547 as issue has not been joined (see, CPLR 3212 [a]; Matter of Rine v Higgins, 244 AD2d 963 [4th Dept 1997]; Leff v Leff, 182 AD2d 401 [1st Dept 1992]; City of Rochester v Chiarella, 65 NY2d 92 [1985]).
Accordingly, the motion to dismiss the complaint is granted pursuant to CPLR 3211.

 It should be noted that the “position”, is that he was called by ABC to work from time to time as a “per diem” employee.