Patricia BEATTIE, Plaintiff,

v.

The GUILDERLAND CENTRAL SCHOOL DISTRICT and Roger Levinthal, in His Individual and Representative Capacity, and as Aider and Abettor, Defendants.

No. 98–CV–0399.

United States District Court,
N.D. New York.

Dec. 14, 2000.

Cusick, Hacker & Murphy, Latham, NY (John E. Higgins, of counsel), for plaintiff.

Hancock & Estabrook, Syracuse, NY (Renee James, of counsel), for Defendant The Guilderland Central School District.

Donohue, Sabo, Varley & Armstrong, Albany, NY (Kenneth G. Varley, of counsel), for Defendant Roger Levinthal.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

On March 9, 1998, plaintiff Patricia Beattie ("Beattie" or "plaintiff") commenced the instant action against defendants Farnsworth Middle School,[1] the Guilderland Central School District (the "District"), Blaise Salerno, Deborah Marcil ("Marcil"), Roger Levinthal ("Levinthal" or "defendant"), Nancy Davis, Peggy Donovan, and William Adams, pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, et seq., Section 296(6) of the New York Human Rights Law, ("NYHRL"), and 42 U.S.C. §§ 1983 and 1985, and against the District pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., asserting causes of action for harassment based on sex and age, retaliation, and conspiracy to deprive Beattie of her right to equal protection under the law.

Defendants filed a 12(b)(6) motion to dismiss the complaint in its entirety, which was granted by the Honorable Lawrence E. Kahn of the Northern District of New York as to all defendants except the District and Levinthal. As to the two remaining defendants, Judge Kahn dismissed Beattie's ADEA and sexual harassment claims, but allowed her to proceed with her retaliation claims against Levinthal and the District under 42 U.S.C. § 1983 and NYHRL § 296, and against the District under Title VII.

Levinthal now moves for summary judgment on all claims against him, pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes. Oral argument was heard on August 25, 2000, in Albany, New York. Decision was reserved.

## II. FACTS

This action arises out of the alleged sexual harassment of Beattie by Levinthal, and the retaliation of Levinthal and the District against Beattie for her complaints to Marcil, who was then acting principal at Farnsworth Middle School, regarding the harassment by Levinthal.[2]

Levinthal was, and is, an art teacher at the Farnsworth Middle School in the District. In addition to his position as an art teacher, he also served at various times as (1) an acting and/or house principal at Mohawk House and Hiawatha House (two of the four "houses" at Farnsworth Middle School); (2) alternate chair of the District's Committee on Special Education; and (3) the District's official coordinator of an annual field trip to the former Riverside Amusement Park in Agawam, Massachusetts (now known as "Six Flags New England.").

Levinthal admits that he had supervisory authority over Beattie for approximately ten weeks during the beginning of the

---

1. Plaintiff voluntarily discontinued the action as against Farnsworth Middle School based on the representations of defense counsel at oral argument on the 12(b)(6) motion to dismiss that Farnsworth Middle School was not a legal entity amenable to suit.

2. Neither party's memorandum of law contains a recitation of the facts in support of their respective positions. Defendant Levinthal's memorandum of law refers to the affidavits of Levinthal and his attorney, Kenneth Varley, for a statement of facts. Plaintiff's memorandum of law refers to the December 8, 1998, decision of Judge Kahn on the defendants' motion to dismiss the complaint, and her attorney's affirmation and "Plaintiff's Statement." Accordingly, the statements of material fact, affidavits, and supporting documents filed by the respective parties pursuant to LR 7.1(a)(3) have been relied upon.

1994–1995 school year. In addition, he served as an acting principal from September 1, 1996 until approximately October 1, 1996. Plaintiff claims that he also had supervisory responsibilities in the cafeteria and halls in which she worked from October 1996 to June 1997.

Both parties made complaints concerning sexual harassment by the other in June of 1996. In addition, Beattie asserts that she complained to Marcil in January 1996, and was told by the acting principal that Levinthal admitted hugging and kissing Beattie, but that the defendant was Marcil's friend, he had a nice wife, and that Beattie should give him his "space." Marcil contradicts this version of events, testifying at her deposition that Levinthal came to her in January 1996, complaining of Beattie's harassing conduct. According to Marcil, she spoke with plaintiff about her conduct, not Levinthal's, and that she instructed plaintiff to "stay physically away from Mr. Levinthal" and "that she refrain from any gift giving at all." *See* March 29, 1999, Deposition of Deborah Marcil at 136. Marcil denied that Levinthal admitted hugging and kissing Beattie, but admitted that she told plaintiff that Levinthal had a nice wife.

The District retained attorney Thomas Kenney ("Kenney") to conduct an investigation of the respective June 1996, complaints of Beattie and Levinthal. Commencing in August 1996, Kenney interviewed both Beattie and Levinthal, as well as numerous persons identified as witnesses, and following his investigation, concluded that Levinthal's claims were meritorious and that Beattie's claims were not.[3] Kenney orally reported these findings to the Human Resources Administrator for the District, William Adams, on December 18, 1996. Subsequently, on or about March 12, 1997, the District adopted Kenney's findings and plaintiff received a written reprimand

about her conduct. She then filed a complaint of discrimination with the Equal Employment Opportunity Commission, and after receiving a "Right to Sue" letter on December 2, 1997, commenced the instant lawsuit.

## III. STANDARD OF REVIEW

### A. Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The ultimate inquiry is whether a reasonable jury could find for the nonmoving party based on the evidence presented, the legitimate inferences that could be drawn from that evidence in favor of the nonmoving party, and the applicable burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir.1987). Nevertheless, "the litigant opposing summary judgment 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978)).

### B. 42 U.S.C. § 1983

 To recover damages under 42 U.S.C. § 1983, "plaintiff must show that:

---

**3.** Plaintiff disputes the accuracy and timing of Kenney's investigation; however, plaintiff does not allege that Kenney's investigation was conducted in bad faith, or with the intent to discriminate against her.

(1) a person acting under color of state law retaliated against her (2) because of [her] exercise of rights guaranteed by the Constitution or federal laws." *Friedl v. City of New York,* 210 F.3d 79, 85 (2d Cir.2000). *See also Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 58 (2d Cir. 1987). In addition, "[a] plaintiff cannot use Section 1983 to gain perceived advantages not available to a Title VII claimant, but a plaintiff can assert a claim under Section 1983 if some law other than Title VII is the source of the right alleged to have been denied." *Brennan v. City of White Plains,* 67 F.Supp.2d 362, 371 (S.D.N.Y. 1999) (citing *Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 143 (2d Cir. 1993)).[4]

## C. *New York Human Rights Law*

■ To recover damages under Section 296(6) of the NYHRL, N.Y. Exec. Law § 296(6), against an aider and abettor of an employer's retaliatory conduct, plaintiff must show (1) that she engaged in conduct protected by the NYHRL; (2) there is a causal connection between the protected conduct and the alleged retaliation by the District in violation of Section 296 of the NYHRL; and (3) that Levinthal "actually participated" in the discrimination. *See, e.g., Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir.1995)[5]; *Hicks v. IBM,* 44 F.Supp.2d 593, 599 (S.D.N.Y.1999); *Unotti v. American Broadcasting Companies, Inc.,* 180 Misc.2d 543, 689 N.Y.S.2d 870, 870–71 (N.Y.Sup.1999).

## IV. *DISCUSSION*

There are significant factual issues in dispute in this case, such that summary judgment as to Beattie's claims against Levinthal must be denied.

Plaintiff's ultimate theory in this case is that Levinthal retaliated against her in response to her January 1996, complaint to Marcil by filing his charge of harassment against her in June 1996. Levinthal offers a contradictory account, insisting that he complained twice to Marcil (in January and June of 1996) about harassing conduct by Beattie, before Beattie made her first complaints of harassment concerning Levinthal. Marcil's version of events supports Levinthal. Both versions cannot be correct. If Beattie is correct, then her retaliation claim would appear to be well-founded. If Levinthal and Marcil are correct, then Levinthal's alleged "retaliation" would have predated Beattie's initial complaint. Accordingly, resolution of this issue requires a credibility determination by a jury.

Notwithstanding these factual disputes, Levinthal makes several legal arguments in support of his motion for summary judgment. Specifically, he argues that (1) plaintiff has failed to identify an adverse employment action in support of her retaliation claim; (2) plaintiff has failed to produce evidence that he aided and abetted the District in · its decision to reprimand her; and (3) he cannot be liable under 42 U.S.C. § 1983 because he did not act under color of state law. Each of these arguments will be discussed in turn.

### A. *Adverse Employment Action*

■ Levinthal argues that Beattie's claims must be dismissed because she has failed to demonstrate that she suffered an adverse employment action. His argument is premised on the belief that a writ-

---

4. Plaintiff predicates her Section 1983 retaliation claims upon underlying equal protection violations of the defendants. Such claims may be brought concurrently with her Title VII claims. *See Brennan,* 67 F.Supp.2d at 371.

5. While *Tomka* has been criticized and questioned by several subsequent New York appel-

late court decisions, *see Trovato v. Air Express Int'l,* 238 A.D.2d 333, 334, 655 N.Y.S.2d 656 (2d Dep't 1997); *Foley v. Mobil Chemical Co.,* 214 A.D.2d 1005, 1006, 626 N.Y.S.2d 908 (4th Dep't 1995), it remains the law of this Circuit and will be followed by this Court. *See Lewis v. Triborough Bridge and Tunnel Auth.,* 77 F.Supp.2d 376, 380 n. 6 (S.D.N.Y.1999).

ten reprimand cannot, standing alone, constitute an adverse employment action. Plaintiff argues in response that the reprimand is not the sole basis for her claim of adverse employment action, and that defendants also reduced her job responsibilities, ostracized her, and prevented her from chaperoning a school trip. Plaintiff asserts that these actions by defendants were sufficient to constitute adverse employment action for purposes of Section 1983 and the NYHRL. Plaintiff is correct. *See Pazamickas v. New York State Office of Mental Retardation and Development Disabilities*, 963 F.Supp. 190, 195 (N.D.N.Y.1997) ("[T]he denial of plaintiff's request for time off at Thanksgiving, the denial of his request that his position be held pending his return, and the placement of the reprimand in his personnel file each qualify, for purposes of this motion, as adverse employment actions.") (citations omitted).

### B. Aider and Abettor Liability

■ Levinthal next argues that he cannot be liable under the NYHRL because he was the alleged primary actor, and as such, could not be an aider and abettor of himself. It is well settled in New York that individual employees cannot be liable under Section 296(1) of the NYHRL, which provides that "it shall be an unlawful discriminatory practice for any employer ... to discriminate against such individual in compensation or in terms, conditions, or privileges of employment." N.Y. Exec. Law § 296(1)(a). *See Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984). The Second Circuit and several state courts have held, however, that individual employees can be liable as aiders and abettors under section 296(6) of that statute. *Tomka*, 66 F.3d at 1317.

The Second Circuit held in *Tomka* that an individual who "actually participates in the conduct giving rise to the discrimination claim" can be liable as an aider and abettor under Section 296(6). Notwith-

standing this holding, at least one federal court has held that it is logically inconsistent for a court to conclude that the primary actor in an alleged NYHRL violation was also an aider and abettor of his own conduct for purposes of Section 296(6). *See Hicks*, 44 F.Supp.2d at 600 (dismissing NYHRL claim against defendant employee, on the theory that the primary actor cannot be an aider and abettor of his own actions). Levinthal argues that, because Beattie alleges that he was the primary actor in this case, it follows from *Hicks* that he cannot be liable as an aider and abettor.

However, Beattie is not alleging that Levinthal aided and abetted solely his own conduct. As noted above, she argues that the subsequent retaliatory investigation of the cross-allegations by Levinthal and herself, amounted to little more than a "whitewash" of her claims by the District. She argues that Levinthal aided and abetted this deprivation of her rights by the District. Again, if Beattie is believed, the District twice ignored her January 1996, complaints of harassment by Levinthal, both at the time they were made to Marcil, *and* at the time the investigation was conducted by Kenney; and it did so with the intent to retaliate against her for her prior complaints of harassment by Levinthal. These claims relate to the actions of the District through Marcil and Kenney, not merely of Levinthal. Accordingly, defendant's argument that Beattie is suing him as an aider and abettor of solely his own alleged conduct is incorrect.

### C. Action Under Color of State Law

Levinthal's final argument is that he cannot be liable under Section 1983 because he did not act "under color of law." *West v. Atkins*, 487 U.S. 42, 49–50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). He argues that the evidence in this case demonstrates that he was not acting in any official capacity or performing any official responsibilities at the time he filed his complaint against Beattie.

A governmental employee may be found to be acting "under color of law" for purposes of Section 1983 liability where the employee exercises actual authority over a complaining co-employee, even where the employee is not in a formal supervisory relationship with the complaining co-employee. *See, e.g., Poulsen v. City of North Tonawanda,* 811 F.Supp. 884, 895 (W.D.N.Y.1993); *David v. City and County of Denver,* 101 F.3d 1344, 1354 (10th Cir.1996) ("[W]e note that in certain circumstances co-employees may exercise de facto authority over sexual harassment victims such that they act under color of law.") (citing *Poulsen* ); *Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 23 (3d Cir. 1997). Where factual issues remain as to the extent to which one employee exercises such authority over the plaintiff, summary judgment is not appropriate. *Poulsen,* 811 F.Supp. at 895. (holding factual dispute about the defendant's actual authority precludes summary judgment on section 1983 sexual harassment claim where plaintiff alleged that defendant possessed unwritten authority to influence her work evaluations and assignments.)

In the instant case, the extent to which Levinthal had actual authority over Beattie is in dispute. It is not clear whether, or to what extent, he supervised the plaintiff's cafeteria and hall monitor duties during the time period relevant to this action, or whether, because of their respective positions, he had actual authority over her, notwithstanding the absence of a formal supervisory relationship. Based on the evidence, it might be shown at trial that defendant had considerable actual or apparent authority over plaintiff. In any event, defendant has failed to demonstrate that there are no material facts in dispute on this issue. Accordingly, summary judgment is not appropriate.

## IV. *CONCLUSION*

After careful consideration of the submissions of the parties, the relevant parts of the record, the applicable law, and oral argument, it is hereby

ORDERED that defendant Roger Levinthal's motion for summary judgment is DENIED.

IT IS SO ORDERED.