■ PREMIER LENDING SERVICES, INC., Respondent-Appellant, v HAIM YEHEZKEL et al., Appellants-Respondents. [737 NYS2d 661] —In an action, inter alia, to recover a fee for consulting services, the defendants appeal from a judgment of the Supreme Court, Westchester County (Zambelli, J.), dated August 23, 2000, which, after a nonjury trial, is in favor of the

plaintiff and against them in the principal sum of $50,000, and the plaintiff cross-appeals from so much of the same judgment as is in its favor in the principal sum of only $50,000.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover a fee for consulting services in connection with the purchase of real property in Connecticut. The defendants alleged that they were fraudulently induced into contracting for the plaintiff's services by the plaintiff's false representation that it possessed an agreement to purchase the property. The defendants asserted that the contract for consulting services was, in effect, an agreement by the plaintiff to cancel its purchase agreement to permit the defendants to purchase the property, and that they declined to pay the plaintiff's consulting services fee after they determined that the plaintiff's purchase agreement did not exist. The defendants further alleged that the parties agreed to reduce the consulting services fee from $75,000 to $50,000. In the judgment appealed and cross-appealed from, the Supreme Court awarded the plaintiff the principal sum of $50,000. We affirm.

Contrary to the defendants' contention, the evidence in support of their claim of fraud in the inducement failed to establish that they relied on, or were justified in relying on, the alleged misrepresentation of the plaintiff that it possessed a purchase agreement for the property (*see, Barclay Arms v Barclay Arms Assoc.,* 74 NY2d 644; *Danann Realty Corp. v Harris,* 5 NY2d 317; *Jacobs v Haber,* 232 AD2d 372). Thus, as the plaintiff presented evidence that it fully performed the contract for consulting services as amended by the parties, the Supreme Court properly awarded the plaintiff the agreed-upon consulting fee.

The parties' remaining contentions lack merit. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.