NEIL T. SHAYNE, Respondent, v JULIEN, SCHLESINGER & FINZ, P. C., et al., Appellants.

In the instant complaint, plaintiff alleged, *inter alia,* that (1) he retained the defendants to represent him in a Federal antitrust action against the National Hockey League, (2) in 1980 a judgment was rendered against him, on the merits, in the Federal antitrust action and (3) but for the legal malpractice of the defendants, he would have prevailed in the Federal antitrust action.

Prior to the joinder of issue, defendants moved by notice of motion dated January 3, 1984, for an order "[p]ursuant to CPLR 3211 (a) (7), dismissing the plaintiff's complaint for failure to state a cause of action". The first paragraph of the supporting affidavit of defendants' attorney indicates that it was being made in support of "defendants' motion for an Order (a) dismissing the plaintiff's complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action". Consistent with this approach, defendants' attorney argued in his supporting affidavit that the complaint did not adequately set forth factual allegations concerning the alleged legal malpractice. Defendants' attorney also argued, *inter alia,* that a review of the decision of the Federal court in the antitrust action, which was annexed to the attorney's affidavit, conclusively demonstrated that the instant legal malpractice action was without merit and was barred by the doctrine of "res judicata".

It should be noted that neither the defendants' notice of motion, nor their supporting affidavit, requested that the motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) be treated as a motion for summary judgment.

After an opposing affidavit was submitted by plaintiff, Special Term denied defendants' motion to dismiss the complaint. In so holding Special Term stated: "On a motion to dismiss for insufficiency, the allegations set forth in the complaint must be assumed to be true and construed in the light most favorable to the plaintiff by giving him the benefit of all favorable inferences which can be drawn from the pleading (*Underpinning & Foundation Constructors, Inc.* v. *Chase Manhattan Bank,* 46 NY2d 459, 462). Applying this standard to the case at bar, the complaint must be sustained."

On the instant appeal, defendants argue that Special Term abused its discretion in failing to treat the motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) "as one for summary judgment or dismissal on the merits".

CPLR 3211 (c) provides, *inter alia,* that "the court * * * may treat" a motion to dismiss as a motion for summary judgment. It is clear that it was within Special Term's discretion whether or not to treat the instant motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) as one for summary judgment. We find no abuse by Special Term in the manner in which it exercised that discretion in the case at bar. Defendants charted their own course in labeling and, in the main, treating their motion as one to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7) (*Rector, Church Wardens & Vestrymen v Committee to Preserve St. Bartholomew's Church,* 56 NY2d 71, 76; *Cullen v Naples,* 31 NY2d 818, 820). Under those circumstances, Special Term properly limited its determination to that particular issue and its determination on that particular issue was correct on the merits (*Rovello v Orofino Realty Co.,* 40 NY2d 633; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Foley v D'Agostino,* 21 AD2d 60). Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.