■ In the Matter of LILLIAN FIRESTONE, Respondent, v SAXTON PRODUCTS, INC., Appellant.—In a proceeding to discover property of the decedent pursuant to SCPA 2103, the appeal is from an order of the Surrogate's Court, Rockland County (Brewster, S.), dated May 17, 1983, which denied appellant's motion to dismiss the petition as time barred.

Order reversed, without costs or disbursements, and matter remitted to the Surrogate's Court, Rockland County, for further proceedings consistent herewith.

Appellant filed its answer in the underlying proceeding on June 4, 1981, in which it raised the defense, *inter alia*, of the Statute of Limitations. Thereafter, it moved by order to show cause, dated June 15, 1981, to dismiss the petition based upon the Statute of Limitations. While neither party specified whether the motion was made pursuant to CPLR 3211 or 3212, it was treated by them as a motion to dismiss. In fact, even on appeal, both parties agree that the motion was made pursuant to CPLR 3211, and was not converted to a summary judgment motion.

Since the motion was made after service of the answer, it should have been made under CPLR 3212, and the Surrogate should have given notice to the parties pursuant to CPLR 3211 (c) that the motion would be treated as one for summary judgment *(Rich v Lefkovits,* 56 NY2d 276; *Boswell v Jiminy Peak,* 94 AD2d 782).

Upon reconsidering this matter, the Surrogate should treat the motion as one for summary judgment under CPLR 3212, upon a ground stated in CPLR 3211, and should give both parties an opportunity to submit affidavits and evidentiary material in support of their respective positions *(Rich v Lefkovits, supra).* Brown, J. P., O'Connor, Weinstein and Kunzeman, JJ., concur.