■ CHARLOTTE KODACK, Appellant, v JONATHAN PRATT, Respondent, et al., Defendants.—In an action to recover damages sounding in fraud, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), entered December 14, 1987, which, upon grant-

ing the defendant Jonathan Pratt's motion to dismiss the complaint insofar as it is asserted against him as time barred and denying her cross motion for leave to serve an amended complaint, is in favor of the defendant Jonathan Pratt and against her.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff alleges that in August 1979 she entered into an agreement with the defendant Jonathan Pratt, an investment counselor, whereby he was to invest her savings amounting to approximately $145,000 in particular corporate bonds, sell them within a week, and invest the profits in United States Treasury bills. Apparently, the defendant Pratt did not do this; instead he began to invest and trade in stocks, stock options, and other securities. Pursuant to the parties' agreement, the plaintiff periodically requested money for her short-term needs. From November 1979 until October 1981 the defendant Pratt remitted over $50,000 to the plaintiff. The plaintiff claims that between May 1980 and May 1981 the defendant Pratt lost $95,000 in the stock market and converted the remainder of her funds to his own use.

The plaintiff served a summons and complaint in March 1986. The defendant Pratt answered the complaint and then moved to dismiss the causes of action as time barred pursuant to CPLR 3211 (a) (5). The plaintiff cross-moved for leave to serve an amended complaint. The Supreme Court granted the motion and denied the cross motion and this appeal ensued.

The motion pursuant to CPLR 3211 (a) (5) may be treated as a postanswer motion for summary judgment (see, Rich v Lefkovits, 56 NY2d 276, 281-282). The recent case of Mihlovan v Grozavu (72 NY2d 506) does not bar such treatment. Here, the papers submitted in support of and in opposition to the motion indicate that the parties were "deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320). Consequently, the Supreme Court was not required to notify the parties pursuant to CPLR 3211 (c) of its intent to treat the motion as a motion for summary judgment (cf., Mihlovan v Grozavu, supra).

Since the fraud cause of action accrued in 1979, the plaintiff had until 1985 to bring her action (see, CPLR 213 [8]; 203 [f]). The same holds true with respect to the causes of action to impose a constructive trust and to recover damages for breach of contract which are contained in the proposed amended complaint (see, Scheuer v Scheuer, 308 NY2d 447; Kitchner v Kitchner, 100 AD2d 954). The causes of action asserted in the

proposed amended complaint are all barred by the Statute of Limitations.

We have examined the plaintiff's other contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.