■ KENNETH DESANCTIS, as Executor of MARGARET DESANCTIS, Deceased, Respondent, v CHARLES D. LAUDEMAN, Appellant, et al., Defendant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered December 15, 1989 in Putnam County, which denied defendant Charles D. Laudeman's motion to dismiss the complaint as time barred.

This personal injury action stems from a two-car collision in the Town of Patterson, Putnam County. As a result of this accident, plaintiff's decedent, Margaret DeSanctis, a passenger in one of the two vehicles, was killed. Following the commencement of this action against the drivers of the two cars, defendant Charles D. Laudeman (hereinafter defendant) served an answer alleging the Statute of Limitations as an affirmative defense. Defendant then made a motion pursuant to CPLR 3211 (a) (5) seeking to dismiss the complaint on Statute of Limitations grounds. In opposition to this motion, plaintiff pointed out that, inasmuch as a responsive pleading had already been served, the time for making a CPLR 3211 motion had passed. Additionally, plaintiff argued that because the Statute of Limitations language used in defendant's affirmative defense incorrectly cites the CPLR instead of the EPTL, it is a nullity and defendant waived the Statute of Limitations as a defense. Supreme Court denied defendant's motion and this appeal followed.

In our view, defendant correctly argues that he did not waive the defense of the Statute of Limitations in his responsive pleading despite the fact that he did not invoke the specific statutory provision he was relying on. The Court of Appeals has ruled that a simple statement of "statute of limitations" as a defense is sufficient to raise and preserve it. It is unnecessary "to identify the statutory section relied on or to specify the applicable period of limitations" (*Immediate v St. John's Queens Hosp.,* 48 NY2d 671, 673; *see, Rabinowitz v American Tire Works,* 146 AD2d 760, 761; Siegel, 1980 Supp

Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:19 [1990 Pocket Part], at 69). Here, we note that no motion was made to strike the affirmative defense and Supreme Court merely denied defendant's motion to dismiss.

Nevertheless, although we agree that the issue was properly preserved by defendant, plaintiff correctly points out that because responsive pleadings were served, defendant's motion should have been brought pursuant to CPLR 3212 instead of pursuant to CPLR 3211 (see, CPLR 3211 [e]). It is apparent from the record that all parties and the court treated the motion as one pursuant to CPLR 3211, not CPLR 3212. This error on defendant's part is not a fatal one, however. Whenever such a motion is erroneously labeled as one under CPLR 3211 rather than the proper CPLR 3212, it will invoke the notice requirement of CPLR 3211 (e) and summary judgment treatment cannot proceed until the plaintiff is notified to that effect so a fair opposition from that party can be presented (see, Rich v Lefkovits, 56 NY2d 276; Siegel, 1982 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:20 [1991 Supp Pamph], at 227). Accordingly, we will uphold the denial of defendant's motion to dismiss but do so without prejudice, so as to allow him an opportunity to bring a proper motion pursuant to CPLR 3212 with applicable notice to all concerned. While it appears from the papers in the record that defendant's Statute of Limitations defense is a complete one, it would be unfair to plaintiff to summarily grant judgment to defendant without first affording plaintiff an opportunity to present facts establishing that the instant case falls within an exception to the statute (see, Doyon v Bascom, 38 AD2d 645, 646; see also, Matter of Firestone v Saxton Prods., 113 AD2d 750).

Order modified, on the facts, without costs, by adding a provision that the denial of the motion is without prejudice to a subsequent motion by defendant Charles D. Laudeman pursuant to CPLR 3212, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.