■ EDWARD S. SINGER, Appellant, v GEORGE BOYCHUK et al., Respondents. [599 NYS2d 680] —Mahoney, J. Appeal from an order of the Supreme Court (Dier, J.), entered April 3, 1992 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

In 1978, plaintiff and defendants George Boychuk, Olga Boychuk and Gene W. Boychuk (hereinafter collectively referred to as the Boychuks) held title as tenants-in-common to a 38.65-acre tract of vacant land located in the Village of Lake George, Warren County. Apparently desirous of constructing a large hotel on a portion of the acreage, plaintiff and the Boychuks entered into negotiations and subsequent agreement with defendant Counties of Warren and Washington Industrial Development Agency (hereinafter the IDA) to finance the project. Under the plan, which was structured in the usual form for IDA projects *(see generally, Matter of Erie County Indus. Dev. Agency v Roberts*, 94 AD2d 532, 534-535, *affd* 63 NY2d 810), plaintiff and the Boychuks were required to and did convey eight acres of their land, upon which the hotel was to be built (hereinafter the hotel parcel), to the IDA which, in turn, leased it back to them. The lease terms provided for reconveyance of title to plaintiff and the Boychuks, styled in the document as an option to purchase at a nominal sum, upon their repayment in full of all bonds issued in connection with the project. The parties executed all documents incident to the financing plan on December 13, 1978.

In April 1979, plaintiff and the Boychuks entered into a

sublease with BSB Inns, Ltd., a corporation organized by them and of which plaintiff was a director, officer and shareholder, to operate the hotel under a franchise granted by Ramada Inns, and several months later * * * subleased the hotel itself to First Hospitality Corporation of America. During this time or shortly thereafter, they also entered into negotiations regarding the purchase of plaintiff's interest and ultimately entered into an agreement where, for the sum of $250,000, plaintiff agreed to: "a) convey all of his right, title and interest in and to all of the vacant land to Boychuks by quit-claim deed, b) assign all his right, title and interest to any of the capital stock of BSB Inns, Ltd. to Boychuks and resign as director and officer thereof, c) assign to Boychuks all his right, title and interest in the * * * subleases." While assignment of plaintiff's rights in the 1978 IDA lease, principally the option to purchase provision, was not mentioned expressly in this agreement, a review of the documents executed by plaintiff in furtherance thereof reveals that he also executed a general assignment of his rights thereunder to the Boychuks at this time (hereinafter the 1980 assignment).

Matters proceeded without incident until January 1991 when final payment was made under the 1978 IDA lease agreement and the IDA, upon instructions from the Boychuks, executed and delivered a deed to the hotel parcel, naming only them as grantees. Claiming that his interest in the hotel parcel was not included as part of the 1980 buyout, plaintiff commenced this action against the IDA and the Boychuks seeking, *inter alia,* to void the deed, to obtain title to the hotel parcel and to compel the Boychuks to account for all profits. While the IDA answered, the Boychuks did not and instead moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint based upon documentary evidence, notably the 1980 assignment. Ultimately the IDA joined in the application. Supreme Court treated the motion as one for summary judgment and dismissed plaintiff's complaint against both the Boychuks and the IDA. Plaintiff appeals.

We affirm. Initially, we see no error in Supreme Court's treatment of the Boychuks' motion as one for summary judgment. In general, whenever a court elects to treat a preanswer CPLR 3211 motion as a CPLR 3212 motion (as is the case with the Boychuk motion) or is faced with a motion following joinder of issue which erroneously seeks relief under CPLR 3211 and should have been brought under CPLR 3212 (as appears to be the case with the IDA motion), it must provide "adequate notice" to the parties *(see, e.g.,* CPLR 3211 [c]; *Rich*

*v Lefkovits,* 56 NY2d 276; *DeSanctis v Laudeman,* 169 AD2d 1026, 1027). However, this rule is not without exception *(see, e.g., Mihlovan v Grozavu,* 72 NY2d 506; *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320-321). Most significantly, it is inapplicable when it appears from a reading of the parties' papers that they deliberately are charting a summary judgment course by laying bare their proof *(Four Seasons Hotels v Vinnik, supra).*

While there is no indication on this record that Supreme Court gave the required notice and no contention is advanced that it was given during oral argument, we believe that, viewing the papers in their entirety, it can fairly be said that the parties laid bare their proof, submitting not only extensive documentation but evidentiary affidavits regarding the sum and substance of negotiations leading up to the 1980 assignment, and thus charted the summary judgment course. However, even assuming, arguendo, that Supreme Court's conversion was improper, because, as noted below, we find that the court properly concluded that plaintiff's claim is barred by the 1980 assignment and because the grant of a motion to dismiss under CPLR 3211 (a) (1) has the effect of a final judgment on the merits *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:66, at 95-96), any error in this regard is essentially of no consequence.

It is well established that a general, unqualified assignment of one's rights, title and interest in a lease such as is involved here divests the assignor of all rights and obligations existing thereunder, including option rights *(see, e.g., Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561, *lv dismissed, lv denied* 68 NY2d 802; 6 NY Jur 2d, Assignments, § 54, at 290-291). Here, the three duly executed assignment of lease documents contained in the record, which are plainly unambiguous and speak for themselves, establish, without doubt, plaintiff's complete relinquishment of the option rights contained in the 1978 IDA lease.* Moreover, because plaintiff's intent clearly is set forth in the documents, parol evidence is not admissible to alter the plain import of the language *(see, e.g., State Univ. Constr. Fund v Aetna Cas. & Sur. Co.,* 189 AD2d 929).

We have reviewed plaintiff's remaining contentions and find them to be without merit.

---

* This conclusion is not changed by classifying the underlying IDA sale/leaseback arrangement as an equitable mortgage. However termed, the obvious import of the 1980 assignment was to relinquish all plaintiff's right, title and interest to the hotel parcel.

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.