■ EDWARD A. O'DETTE, Appellant, v MARILYN L. GUZZARDI, Respondent. [611 NYS2d 294] —In an action to enforce certain terms of a judgment of divorce dated June 26, 1974, in accordance with a stipulation of settlement incorporated by reference therein, including a provision requiring the defendant to sell the marital residence and divide the proceeds equally between the parties, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated January 27, 1992, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In the order appealed from, the Supreme Court treated the

defendant's motion as one for summary judgment, and dismissed the complaint on the ground that it was barred by laches and the plaintiff's unclean hands. We find that the Supreme Court did not err in treating the defendant's motion as one for summary judgment. While generally a court's election to treat a pre-answer CPLR 3211 motion as a motion pursuant to CPLR 3212 requires adequate notice to the parties *(see, Rich v Lefkovits,* 56 NY2d 276; *DeSanctis v Laudeman,* 169 AD2d 1026), this rule is inapplicable when it appears from a reading of the parties' papers that they deliberately are charting a summary judgment course by laying bare their proof *(see, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320). In the case at bar, viewing the papers in their entirety, it can fairly be said that the parties laid bare their proof, submitting extensive extrinsic documentary evidence and evidentiary affidavits setting forth the entire chronology and course of events leading up to this action, and thus charted a summary judgment course *(see, Singer v Boychuk,* 194 AD2d 1049; *De La Poer v Salomon Bros.,* 193 AD2d 568; *Mazurick v Chalos,* 172 AD2d 805; *Kodack v Pratt,* 151 AD2d 551). Indeed, there can be little doubt that both the plaintiff and the defendant " 'submit[ed] facts and arguments clearly indicating that they were "deliberately charting a summary judgment course" ' " *(Deborah Intl. Beauty v Quality King Distribs.,* 175 AD2d 791, 792). Therefore, contrary to the plaintiff's contention, the court was entitled to search the record for the existence of material issues of fact and to determine whether the plaintiff was entitled to the relief requested.

At bar, the plaintiff waited more than five years after the youngest child reached majority or was earlier emancipated, to enforce the terms of the divorce judgment, during which time the defendant and her new husband expended $18,000 for repairs and improvements to the premises.

Laches is applicable where there has been a considerable delay resulting in a change of position, intervention of equities, loss of evidence, or other disadvantages *(see, Reed v Reed,* 195 AD2d 451; *Thurmond v Thurmond,* 155 AD2d 527, 529). Here, during the period in which the plaintiff delayed commencement of this action, the defendant changed her position to her financial detriment. Moreover, under the circumstances of this case, the equities clearly intervene in the defendant's favor *(see, Cotumaccio v Cotumaccio,* 171 AD2d 723, 724; *Thurmond v Thurmond, supra).*

Accordingly, the order appealed from is affirmed. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.