OPINION OF THE COURT
Memorandum.
Order unanimously modified by granting partial summary judgment dismissing plaintiffs cause of action for recovery of payment of late charges, and, as so modified, affirmed, without costs.
On or about July 16, 1993, plaintiff executed a purchase-money mortgage and note in favor of defendant Nicholas Stratigakis, for the sum of $600,000, bearing an interest rate of 83/4 and payable in monthly installments of $7,519.62, with a final balloon payment due on July 16, 1998. Paragraph 17 of the mortgage rider provided that: “[t]he indebtedness herein shall continue to bear interest at the rate set forth after any default by the mortgagor from the time of such default throughout any mortgage foreclosure proceedings until the date of sale of the premises.” Pursuant to paragraph 18 of the mortgage rider, plaintiff mortgagor agreed that in the event of the commencement of any foreclosure action, it would pay the mortgagee’s attorneys’ fees “in a reasonable amount in addition to all costs, disbursements and statutory allowances.” Paragraph 20 of the mortgage rider further provided that: “If any payment required pursuant to the terms hereof shall be overdue for more than 15 days an additional charge will be due to mortgagee to cover the costs of delay. This late charge shall be 4% of the overdue amount. Seller shall give purchaser 15 days notice by certified mail of any default and within which to cure the default.”
On July 16, 1998, plaintiff failed to make the final balloon payment. By letter dated December 4, 1998, counsel for defen *747 dant Stratigakis advised plaintiff of its default, and gave plaintiff 15 days’ notice to cure pursuant to paragraph 20 of the mortgage rider. Upon plaintiffs failure to cure within the prescribed period, Stratigakis commenced a foreclosure proceeding on or about December 31, 1998, which was then apparently discontinued. On or about February 12, 1999, counsel for Stratigakis forwarded plaintiff a pay-off letter stating, inter alia, that its mortgage obligations would be satisfied by the provision of (1) a bank or certified check payable to defendant Stratigakis in the amount of $397,724.49, including late charges of $14,574.79 on the principal balance of $364,369.69, and (2) a bank or certified check payable to defendant Wolman, Babitt & King, L. L. P., in the amount of $6,190.70, for legal fees and costs incurred in connection with the foreclosure action. Plaintiff complied with the terms of the letter in satisfaction of the mortgage, and thereafter commenced the instant suit to recover payment of late charges and attorneys’ fees it claims were improperly imposed. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and for “judgment” thereon. The court treated defendants’ motion as a summary judgment motion, which it denied. We note that the court below properly treated defendants’ motion to dismiss pursuant to CPLR 3211 (a) (7) as a CPLR 3212 motion, since it appears from a reading of the motion papers that the parties clearly charted a summary judgment course (see, Singer v Boychuk, 194 AD2d 1049; see also, Shah v Shah, 215 AD2d 287). For reasons set forth herein, the order is modified by granting defendants partial summary judgment dismissing the cause of action for recovery of late charges.
It is well settled that where the language of the contract provisions is clear and unambiguous, the determination of the parties’ intent is a question of law for the courts, which may be decided on a motion for summary judgment (see, Chimart Assocs. v Paul, 66 NY2d 570, 572-573; Teitelbaum Holdings v Gold, 48 NY2d 51, 56).
Paragraph 20 of the mortgage rider provides for the imposition of a 4% late charge on “any payment required pursuant to the terms hereof * * * overdue for more than 15 days * * * to cover the costs of delay,” and a “15 days notice * * * of any default * * * within which to cure the default” (emphasis added). As the Court of Appeals held in Zion v Kurtz (50 NY2d 92, 104), the “word ‘any’ means ‘all’ or ‘every’ and imports no limitation.” The mortgage refers both to periodic installment payments and a final payment due on July 16, 1998. The *748 language of paragraph 20 of the mortgage rider thus unequivocally evinces the parties’ intent that all defaults in all payments set forth under the terms of the mortgage, inclusive of the last payment due on July 16, 1998, are subject to the 4% late charge. Plaintiff’s argument that the imposition of late charges should be construed to apply only to defaults in installment payments exclusive of the last balloon payment urges a strained interpretation of the word “any” that confounds its plain and common import. Plaintiffs contention that paragraph 17 of the mortgage rider, providing for the continuance of interest on the indebtedness after any default, creates an ambiguity which should be resolved in its favor by deeming this paragraph to be the sole remedy afforded to the mortgagee upon default, is similarly unpersuasive for the reason that both paragraphs expressly refer to “any default” and the late fee in paragraph 20 is unambiguously identified as an “additional charge.” A contextual reading of the respective provisions, therefore, contradicts any inference of the parties’ intent to restrict the mortgagee’s remedy to interest alone upon a default in payment of the last installment due. “ ‘[W]hen the meaning of [a] * * * contract is plain and clear * * * [it is] entitled to [be] enforced according to its terms * * * [and] not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist’ ” (Uribe v Merchants Bank, 91 NY2d 336, 341, citing Loblaw, Inc. v Employers’ Liab. Assur. Corp., 57 NY2d 872, 877).
Accordingly, defendants are entitled to partial summary judgment dismissing plaintiffs cause of action for recovery of payment of late charges.
The trial court, however, properly denied that branch of defendants’ motion seeking to dismiss plaintiffs cause of action for recovery of attorneys’ fees paid in the sum of $6,190.70. There is no dispute that pursuant to paragraph 18 of the mortgage rider plaintiff is liable for attorneys’ fees “in a reasonable amount” incurred in connection with the commencement of any action to foreclose. Defendants have failed to proffer competent documentary proof to substantiate the amount of fees charged. Accordingly, a hearing is required to determine reasonable attorneys’ fees incurred. Contrary to defendants’ contention, defendant Wolman, Babitt & King, L. L. P., is a proper party defendant, inasmuch as it appears that payment was made directly to it by plaintiff. Moreover, defendants are not entitled to summary judgment in their favor on the alternative ground asserted that plaintiff, having paid the attorneys’ *749 fees, is thereby precluded from maintaining the instant suit for recovery of the same. Plaintiffs opposition papers allege that payment in satisfaction of the mortgage was made to preserve the closing to refinance the mortgage, and under protest, and thus sufficiently raise issues of fact as to whether the payment of attorneys’ fees was voluntary (see, Kilpatrick v Germania Life Ins. Co., 183 NY 163).
Aronin, P. J., Scholnick and Patterson, JJ., concur.