SKEK ASSOCIATES, Respondent-Appellant, v ESTHER BENENSON et al., Appellants-Respondents. [806 NYS2d 235]—

In an action to recover damages for breach of a commercial lease, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered August 2, 2004, as, after a nonjury trial, and upon a decision of the same court dated December 15, 2003, is in favor of the plaintiff and against them in the principal sum of $353,022.33, and determined that the plaintiff is entitled to certain reimbursements that they received from the New York State Department of Health, and the plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as determined, in effect, that the defendants effectively exercised their option to renew the lease in question for a 25-year period, and denied its application for an award of an attorneys' fee.

Ordered that the judgment is modified on the law, by deleting

the provision thereof awarding damages in favor of the plaintiff and against the defendants in the principal sum of $353,022.33, and substituting therefor provisions awarding damages in favor of the plaintiff and against the defendant Flushing Manor Care Center, Inc., only, in the principal sum of $353,022.33, and dismissing the complaint against the remaining defendants; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Under the circumstances, the subject lease entitled the plaintiff to an amount of rent equaling the "reimbursement" that the defendants, who operated a nursing home on the leased premises, received from the New York State Department of Health (hereinafter the DOH) pursuant to the Medicaid program. The court, which found the word "reimbursement" to be ambiguous, and which "look[ed] to the past practice of the parties to give definition and meaning to [that] language" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]), properly concluded that "reimbursement" was defined as the sum which the DOH reimbursed the defendants for rent payable to the plaintiff and other real property-related expenses. Accordingly, the court correctly awarded the plaintiff damages in the principal sum of $353,022.33, which represented the reimbursement for rent and other real property-related expenses. Similarly, the court properly determined, in effect, that the defendants effectively exercised an option to renew the lease for a 25-year period (*see Cellular Tel. Co. v 210 E. 86th St. Corp.*, 14 AD3d 305 [2005]).

However, the court, which concluded that the individual defendants, Esther Benenson, Michael Benenson, and Sharon Benenson, assigned their rights under the lease to the corporate defendant well before the rent arrears accrued, improperly awarded damages against those individuals, as those individuals had no further obligations under the lease (*see Ull v Lerner*, 308 AD2d 396 [2003]; *Singer v Boychuk*, 194 AD2d 1049, 1051 [1993]).

Under the circumstances, the court correctly denied the plaintiff's application for an award of an attorneys' fee (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]).

The parties' remaining contentions are without merit. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.