■ RAINBOW HILL HOMEOWNERS ASSOCIATION, INC., Respondent, v GIGANTE, INC., Appellant. (Matter No. 1.) In the Matter of RAINBOW HILL HOMEOWNERS ASSOCIATION, INC., Respondent, v GIGANTE, INC., Appellant. (Matter No. 2.) [821 NYS2d 223]—

In an action, inter alia, for a judgment declaring the expiration date of the parties' lease and a related summary holdover proceeding, inter alia, to evict the tenant from the subject premises, which was transferred to the Supreme Court, Richmond County, from the Civil Court, Richmond County, and joined for trial with the action, Gigante, Inc., appeals, by permission, from so much of an order of the Supreme Court, Richmond County (Straniere, J.), dated August 12, 2005, as, in effect, awarded Rainbow Hill Homeowners Association, Inc., summary judgment on its cause of action for a declaration and determined that the subject lease terminated on October 11, 2004.

Ordered that the order is modified, on the law, by deleting the provision thereof determining that the subject lease terminated on October 11, 2004 and substituting therefor a provision determining that the subject lease terminated on December 31, 2004; as so modified, the order is affirmed insofar as appealed from, with costs to Rainbow Hill Homeowners Association, Inc.

While the Supreme Court has the power to award summary judgment to a nonmoving party, predicated upon a motion for that relief by another party (*see e.g. Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]; *Amore Partners v Mephisto, Inc.,* 222 AD2d 473 [1995]), it may not sua sponte award summary judgment if no party has moved for summary judgment (*see City Wide Payroll Serv. v Israel Discount Bank of N.Y.,* 239 AD2d 537 [1997]; *Marsico v Southland Corp.,* 148 AD2d 503, 506 [1989]; *Andriano v Caronia,* 117 AD2d 640 [1986]), unless, as here, it appears from a reading of the parties' papers that they were deliberately charting a course for summary judgment by laying bare their proof (*see Mihlovan v Grozavu,* 72 NY2d 506 [1988];

*O'Dette v Guzzardi,* 204 AD2d 291 [1994]; *Singer v Boychuk,* 194 AD2d 1049 [1993]; *Hahn v City of Rensselaer,* 166 AD2d 795 [1990]; *Kodack v Pratt,* 151 AD2d 551 [1989]; *Shayne v Julien, Schlesinger & Finz,* 110 AD2d 761 [1985]). Here, both sides made it clear that they were laying bare their proof and deliberately charting a summary judgment course with respect to the termination date of the subject lease. Indeed, in motion papers filed by the tenant, pertaining to this action, inter alia, for a judgment declaring the expiration date of the parties' lease and a related summary holdover proceeding to evict the tenant from the subject premises, which included, inter alia, a request that the summary proceeding be dismissed pursuant to CPLR 3211 (a) (4), the tenant specifically and repeatedly represented to the Supreme Court that the commencement and expiration dates of the lease had to be determined before the summary proceeding could continue, and it submitted numerous documents to assist the court in making that determination. Accordingly, the Supreme Court properly awarded the landlord summary judgment on its cause of action for a judgment declaring the termination date of the subject lease agreement.

However, contrary to the determination of the Supreme Court, we conclude that the parties' lease terminated on December 31, 2004, rather than on October 11, 2004. By letter dated June 9, 2004, in compliance with a lease provision obligating the landlord to give the tenant notice, at least six months prior to the expiration of the lease, of its intention not to renew, the landlord informed the tenant that the lease "by its terms" was to expire on December 31, 2004. In light of the fact that the landlord itself took the position that the lease expired on December 31, 2004, rather than on October 11, 2004, and timed its written notice to comply with the six-month notice provision of the lease, we conclude that the parties' lease expired on December 31, 2004.

The parties' remaining contentions either are not properly before this Court or are without merit. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.