Capital One, N.A. v Gokhberg (2020 NY Slip Op 07345)





Capital One, N.A. v Gokhberg


2020 NY Slip Op 07345


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-10092
 (Index No. 503995/13)

[*1]Capital One, N.A., respondent, 
v
Yury Gokhberg, et al., appellants, et al., defendants.


Tsyngauz & Associates, P.C., New York, NY (Matthew C. Schwartz and Roman Kopelevich of counsel), for appellants.
Woods Oviatt Gilman, LLP, Rochester, NY (Michael Jablonski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yury Gokhberg and Tatyana Gavrikova appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), entered July 29, 2019. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated December 26, 2017, granting the plaintiff's motion for leave to enter a default judgment and for an order of reference and denying the cross motion of the defendants Yury Gokhberg and Tatyana Gavrikova for a framed-issue hearing, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment and for an order of reference is denied, and the orders dated December 26, 2017, are modified accordingly.
In July 2013, the plaintiff commenced this foreclosure action against the defendants Yury Gokhberg and Tatyana Gavrikova (hereinafter together the defendants), among others, alleging that the defendants had defaulted under the terms of a note and mortgage agreement. The complaint alleged that on March 16, 1994, the defendants executed a note promising to repay Bank of Westbury, FSB, the principal sum of $73,600, and that the note was secured by a mortgage on certain residential property located in Brooklyn. The complaint also alleged that, after a series of assignments, the note and mortgage were assigned to the plaintiff. Attached to the complaint was an affidavit of lost note of Huy Pham, an assistant vice president of the plaintiff, dated December 14, 2012, a copy of the mortgage agreement, and the assignments of the note and mortgage. In his affidavit, Pham averred that the lost note was "delivered to the original mortgagee but that the same has been lost and unavailable after diligent search has been made." No copy of the note was attached to the complaint. The defendants failed to timely answer the complaint and their subsequent motion to compel the plaintiff to accept service of their late answer was denied.
In June 2017, the plaintiff moved for leave to enter a default judgment and for an order of reference, arguing that in addition to being the assignee of the note and mortgage, it became the owner and holder of the note through a series of mergers with the originating lender. In support of its motion, the plaintiff submitted, among other things, an affidavit of lost note of Lori Spisak, an [*2]assistant vice president of the plaintiff, dated March 30, 2017, in which she averred that "[t]he subject note [was] inadvertently lost, misplaced or destroyed," that the plaintiff "has not pledged, assigned, transferred, hypothecated or otherwise disposed of the note," and that the plaintiff "has made a diligent and extensive search of its records in a good faith effort to discover the lost note." The defendants opposed the plaintiff's motion and cross-moved for a framed-issue hearing to determine whether the plaintiff had standing to commence the action and whether the plaintiff satisfied the requirements of UCC 3-804. In two orders, both dated December 26, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. In an order and judgment of foreclosure and sale entered on July 29, 2019, the court, inter alia, confirmed the referee's report and directed the sale of the property. The defendants appeal.
A plaintiff moving for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's failure to answer or appear (see Vanderbilt Mtg. & Fin., Inc. v Ammon, 179 AD3d 1138, 1141; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944; CPLR 3215[f]). To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable, since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1007-1008; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806). Pursuant to UCC 3-804, "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his [or her] own name and recover from any party liable thereon upon due proof of his [or her] ownership, the facts which prevent his [or her] production of the instrument and its terms."
Here, although the plaintiff submitted sufficient evidence establishing that it was the owner and holder of the note and establishing the note's terms, the lost note affidavits submitted by the plaintiff failed to establish the facts that prevent the production of the original note (see U.S. Bank N.A. v Cope, 175 AD3d 527, 529). Neither affidavit identifies who conducted the search for the lost note or explains "when or how the note was lost" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1045; see Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 814-815; U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1015-1016). Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to enter a default judgment and for an order of reference.
However, we agree with the Supreme Court's determination to deny the defendants' cross motion for a framed-issue hearing. The defendants were not entitled to affirmative relief of a nonjurisdictional nature absent vacatur of their default (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157).
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court