**Singh Landscaping & Lawn Sprinkler Corp. v 1650 Nostrand Ave Corp.**

2024 NY Slip Op 31026(U)

March 1, 2024

Supreme Court, Kings County

Docket Number: Index No. 501557/2022

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 13th day of October, 2022.

**P R E S E N T**:

HON. CENCERIA P. EDWARDS, C.P.A.,
                    Justice.

-----------------------------------------------------------------------X

SINGH LANDSCAPING AND LAWN SPRINKLER CORP.,

                                        Plaintiff(s),

                -against-

1650 NOSTRAND AVE CORP., U.S. BANK, NATIONAL ASSOCIATION, et al.,

                                        Defendant(s).

-----------------------------------------------------------------------X

**ORDER**

Calendar #(s):   42

Index #:          501557/2022

Mot. Seq. #(s):  1

The following e-filed papers read herein:                        NYSCEF Doc. No.(s):

Notice of Motion, and Affidavits (Affirmations) and Exhibits ___          _____12-28_____
Opposing Affidavits (Affirmations) and Exhibits _____          _____n/a_____
Reply Affidavits (Affirmations) and Exhibits _____          _____n/a_____

Plaintiff, Singh Landscaping and Lawn Sprinkler Corp., ("Plaintiff-Singh") commenced this foreclosure action (January 2022) against Defendant-mortgagor 1650 Nostrand Ave Corp. ("Defendant-1650 Nostrand") and others alleging Defendant-1650 Nostrand defaulted in payment of its note and mortgage encumbering residential property, 1650 Nostrand Avenue, Brooklyn, New York (subject "premises"). Thereafter, Plaintiff- Singh moved this Court for grant of summary judgment (CPLR 3212[a]), default judgment against "all non-appearing and non-answering defendants," including 1650 Nostrand (CPLR 3215[f]), and an order of reference (RPAPL 1321).

Plaintiff-Singh's President, Agtar (Ricky) Singh, ("Agtar"), in support of this motion, submitted a verified summons and complaint, affidavit of regularity, and a lost note affidavit (dated January 11, 2022) that alleges, on September 4, 2015, Defendant-1650 Nostrand executed and delivered to Singh a note and mortgage for $80,000. All affidavits herein were executed by President Agtar who further avers that he never received the original note or a copy of it from his attorney, who passed away in June 2019. Plaintiff-Singh's other documentary submissions include a default letter, dated October 15, 2021, which does not indicate the date of default or any of terms of the note and a generic mortgage.

1

[* 1]

## CPLR 3212[a]- PLAINTIFF REQUEST FOR GRANT OF SUMMARY JUDGMENT

*Pursuant to* CPLR 3212[a] "Any party may move for summary judgment in any action, after issue has been joined" *DeSanctis v Laudeman*, 169 A.D.2d 1026, 1027 [3d Dept 1991] [dispositive motion made after service of an answer should have been made as one for summary judgment under CPLR 3212]; *In re Firestone*, 113 A.D.2d 750, 750 [2d Dept 1985] [same]). Since Plaintiff represents that all Defendants have defaulted in answering or appearing, issue has not been joined as to any of the Defendants; therefore, summary judgment is inapplicable.

## CPLR 3215[f] - PLAINTIFF REQUEST FOR GRANT OF DEFAULT JUDGMENT

CPLR 3215(a) permits a plaintiff to seek a default when the defendant has failed to appear, plead, or proceed to trial, or when the court orders a dismissal for any other neglect for defendants' failure to proceed. A plaintiff seeking leave to enter a default judgment must file proof of: (1) service of the summons and the complaint, (2) the facts constituting the claim, and (3) the defaulting defendant's failure to answer or appear, CPLR 3215(f). *Capital One, N.A. v Gokhberg*, 189 A.D.3d 978 [2d Dept 2020]. Where a noteholder cannot produce the note to substantiate the facts constituting its claim, UCC 3-804 affords the note holder another opportunity to prove its ownership of the note, provide the facts which prevent production of the note, and its terms via a lost note affidavit. *Deutsche Bank Natl. Trust Co. v Anderson,* 161 A.D.3d 1043, 1044 [2nd Dept 2018]; *Wells Fargo Bank, N.A. v Meisels*, 177 A.D.3d 812, 815 [2nd Dept 2019].

As set forth herein, Plaintiff-Singh has failed to satisfy its burden of proofs for grant of default judgment and an order of reference under CPLR 3215(f) and RPAPL 1321, respectively. Plaintiff-Singh does not establish the facts constituting its claim that Defendant-1650 Nostrand executed a note of $80,000 and defaulted on its payment obligations. Noticeably, Plaintiff-Singh's lost note affidavit is insufficient to establish its proofs required under UCC 3-804.

## UCC 3-804 - LOST NOTE AFFIDAVIT

Agtar avers in his lost note affidavit that *"Upon information and belief, the Note was lost or destroyed after my attorney's death in June 2019"* (NYSCEF doc. #22, ¶10). Agtar identifies Plaintiff-Singh's prior attorney as "Akhilesh Krishna" or "Mr. Krishna" and he further explains his attempt to obtain possession and/or information regarding the note stating, inter alia.

"*I am advised that Mr. Krishna passed away on or about June 11, 2019*" (*id.*, ¶6).

"*After Mr. Krishna's death, I went to his office. There was another attorney there named Darmin Bachu. He told me that the files were removed from the office by Mr. Krishna's wife, Kaplana Jain. I contacted Mrs. Krishna, and she told me that she did not have the*

[* 2]

*files. I have requested that my attorneys attempt to subpoena the Note and other documents from the Mortgagor and third parties, and they may be able to obtain these items during discovery, if they have not been destroyed by such parties in an attempt to avoid the debt*" (*id.*, ¶9).

"*Upon information and belief, I did see the Note at or about the time of the loan closing on September 4, 2015, and the recorded Mortgage references it*" (*id.*, ¶11).

Foremost, Agtar did not provide a statement from the current attorney, located in his prior attorney's (Mr. Krishna's) office, or from Mr. Krishna's wife to verify his conversations of Mr. Krishna's demise. Also, Agtar does not state who informed him of Mr. Krishna's death, but vaguely states, "I am advised that Mr. Krishna passed away on or about June 11, 2019". Given today's advanced technology, Agtar could have verified his prior attorney's death via public internet searches or, at least, an affidavit from the persons he alleged he spoke with. Moreover, Agtar refers to Mr. Krishna's wife by two very different names first "Kaplana Jain" and then "Mrs. Krishna" leading this Court to question the identity of the person with whom Agtar spoke. Agtar's reliance on the one-time, undated, conversation with Mr. Krishna's wife (Kaplana Jain or Mrs. Krishna) does not indicate a reasonable attempt to locate the files.

Noticeably, Agtar did not provide the date he went to his prior's attorney office, or the date and method/manner (phone, in person, etc.) in which he spoke to his prior attorney's wife. Moreover, the lost note affidavit, dated January 11, 2022, failed to explain "when" the search was conducted or how/when the loss was discovered, as it arbitrarily states that this was "after" his prior attorney's death, which was in June 2019, nearly 2½ years before Agtar notarized the lost note affidavit in support of and commencement of the action.

Agtar's lost note affidavit failed to establish, and this Court could not ascertain: when the search for the note occurred; how, or when, the note was lost; when Agtar learned the note was lost; and when he spoke with Mr. Krishna's wife and the attorney who took over Mr. Krishna's office. Agtar did not provide any details of his search, just vague and conclusory statements. *U.S. Bank N.A. v Kohanov*, 189 A.D.3d 921 [2nd Dept 2020]. Thus, Plaintiff - Singh has not satisfied its burden of proof to provide facts which prevent production of the note, UCC 3-804.

Also, UCC 3-804 requires Plaintiff-Singh to set forth the terms of the note; a copy of the note would allow this Court to corroborate evidence of the note's terms. *Deutsche Bank Natl. Trust Co. v Anderson*, *supra*. Agtar attended the closing, and states that he never took possession of the note or received copy of it. He avers in his lost note affidavit that he saw the note at the closing, yet failed to state who signed the note on behalf of the corporation- Defendant-1650 Nostrand nor did he include the notes' terms in his lost note affidavit.

3

[* 3]

Agtar's in his affidavit of regularity avers that he authorized his current attorney to issue a demand letter. Plaintiff-Singh's attorney demand letter to Defendant-1650 Nostrand, dated October 15, 2021, does not state the date of the default, or any of the note's terms; it regurgitates information from the generic mortgage, which does not contain any terms of the note. The default letter states $80,000 is the principal amount loaned and recites the mortgage's boilerplate language that refers to the loan documents.

It is well established that a plaintiff cannot maintain an action solely on the mortgage documents alone, as "a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation". *FGB Realty Advisors, Inc. v. Parisi*, 265 A.D.2d 297 [2nd Dept 1999]. Plaintiff-Singh, as its attempts herein, cannot establish the existence of the note or its terms via its skeleton generic mortgage.

Plaintiff- Singh claims it loaned Defendant-1650 Nostrand $80,000 in September 2015, but Defendant-1650 Nostrand never made any payments and defaulted on the entire amount of the loan 6 years later (this Court notes the default letter, dated October 2021, does not state the date of default). Without the original note or a copy or any details of the terms of the note, Plaintiff-Singh cannot substantiate whether Defendant-1650 Nostrand defaulted on its payment obligations. A default in payment may be established by, among other possibilities, an affidavit from "a person having [personal] knowledge of the facts" or documents that meet the requirements of the business records exception to the rule against hearsay. *U.S. Bank N.A. v. Zakarin*, 208 A.D.3d 1275, 1276 [2nd Dept 2022]. In addition to Plaintiff- Singh not stating the date of Defendant-1650 Nostrand's default in payment and the amount due (in intervals, or at one time), oddly, Plaintiff-Singh failed to include any evidence (a copy of the check, or wire, bank statements, or any business records) to substantiate that it advanced $80,000 to Defendant-1650 Nostrand in support of the existence of a note or its terms and that a default in payment occurred.

Consequently, Plaintiff-Singh has failed to meet its burden of proofs under UCC 3-804.

**CPLR 3215[f] - DEFAULT JUDGMENT & RPAPL 1321 - ORDER OF REFERENCE**

To demonstrate the facts constituting the cause of action, a plaintiff need only submit sufficient proofs to enable a court to determine if the cause of action is viable, since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them". *Capital One, N.A. v Gokhberg*, *supra*.

Agtar's conclusory statements are self-serving, as the verified complaint, lost note affidavit, affidavit of regularity, letter of default, and mortgage do not contain a scintilla of information regarding the terms of the note and/or Defendant-1650 Nostrand's date of default. Specifically, Agtar's affidavits are wholly silent as to the actual terms (length) of the note, the

4

[* 4]

interest rate, the maturity date, the due dates of the first, intermediate, or last payments, or the interval (number) of payments due and the missed payment(s) date(s) that triggered a default.

A plaintiff establishes its entitlement to an order of reference based on its "submission of the mortgage, the unpaid note, the complaint, other proof setting forth the facts establishing the claim, an affidavit of an individual authorized to act on its behalf attesting to the default on the note, and proof that the defendant failed to answer within the time allowed." RPAPL 1321; CPLR 3215(f); *Citimortgage Inc. v Gill*, 165 A.D.3d 623, 623-624 [2nd Dept 2018].

This Court may determine legal conclusions from Plaintiff- Singh's complaint and facts alleged. *Dyno v Rose,* 280 A.D.2d at 698, 687 [3rd Dept 1999]. Furthermore, this Court has discretion in determining whether Plaintiff has met its burden of proofs in stating a prima facie cause of action. *Green v. Dolphy Const. Co.,* 187 A.D.2d 635, 636, [2nd Dept 1992].

Noticing blatant defects in Plaintiff-Singh's lost note affidavit, and its failure to submit a copy of the note, this Court examined Plaintiff- Singh's documentary submissions for satisfactory proof of its facts constituting the claim. Plaintiff-Singh has not submitted sufficient proofs to enable this Court to determine whether its cause of action is viable; specifically, that Defendant - 1650 Nostrand executed a note in Plaintiff Singh's favor and defaulted on its payment obligations/terms.

**CONCLUSION**

Accordingly, based on the foregoing, Plaintiff-Singh's request for a Default Judgment and Order of reference is denied.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R:**

**Dated**: March 1, 2024

_____

**Hon. Cenceria P. Edwards, JSC, CPA**

5

[* 5]