JPMorgan Chase Bank, N.A. v Morton (2024 NY Slip Op 01802)

JPMorgan Chase Bank, N.A. v Morton

2024 NY Slip Op 01802

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2020-01615
 (Index No. 71351/14)

[*1]JPMorgan Chase Bank, N.A., respondent,
v
Allen Morton, etc., et al., appellants, et al., defendant.

Michael Kennedy Karlson, New York, NY, for appellants.
Parker Ibrahim & Berg LLP, New York, NY (Melinda Colón Cox, Scott W. Parker, Ashlee C. Murph, and Daniel Schleifstein of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Allen Morton and Patsy Morton appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 10, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon (1) an order of the same court dated December 9, 2016, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Allen Morton and Patsy Morton and for an order of reference, (2) an order of the same court, also dated December 9, 2016, among other things, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, (3) upon an order of the same court dated December 10, 2019, granting the plaintiff's motion for leave to renew its prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been denied in an order of the same court dated July 15, 2019, and, upon renewal, in effect, vacating the determination in the order dated July 15, 2019, and thereupon granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Allen Morton and Patsy Morton and for an order of reference are denied, the plaintiff's motion for leave to renew its prior motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated December 9, 2016, July 15, 2019, and December 10, 2019, are modified accordingly.
In October 2003, the defendants Allen Morton and Patsy Morton (hereinafter together the defendants) executed a home equity line of credit agreement with the plaintiff, which was secured by a mortgage encumbering certain real property located in Mount Kisco.
In December 2014, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. In lieu of interposing an answer, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, arguing, inter alia, that the plaintiff lacked standing. The plaintiff opposed the motion. By order dated March 25, 2016, the [*2]Supreme Court denied the defendants' motion. The defendants appealed, but the appeal was dismissed for failure to perfect.
In May 2016, the defendants served their answer, which the plaintiff rejected as untimely. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants opposed the motion and cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. The plaintiff opposed the cross-motion. By order dated December 9, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. In a second order, also dated December 9, 2016, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
In April 2019, the defendants moved pursuant to CPLR 5015(a)(3) to vacate the order of reference. The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the plaintiff's motion. In an order dated July 15, 2019, the Supreme Court, inter alia, denied the defendants' motion and the plaintiff's motion.
The plaintiff subsequently moved for leave to renew its motion to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated December 10, 2019, the court granted leave to renew, and, upon renewal, in effect, vacated the determination in the order dated July 15, 2019, denying the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and granted the motion. On the same date, the court issued an order and judgment of foreclosure and sale, inter alia, granting the plaintiff's prior motion to confirm the referee's report and for a judgment of foreclosure and sale, confirming the referee's report, and directing the sale of the property. The defendants appeal.
As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891, 892). Here, the defendants previously appealed from the order dated March 25, 2016, denying their pre-answer motion to dismiss the complaint insofar as asserted against them, inter alia, for lack of standing, but failed to perfect the appeal, resulting in its dismissal. We decline to exercise our jurisdiction to consider the defendants' argument on this appeal that the Supreme Court erred in denying their pre-answer motion (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030).
Contrary to the defendants' further contention, the Supreme Court properly denied those branches of their cross-motion which were pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). A motion to vacate a default is addressed to the sound discretion of the court (see Wilmington Trust N.A. v Ashe, 189 AD3d 1130, 1131-1132; Pusey v Morales, 181 AD3d 621, 623). Here, upon determining that the defendants proffered a reasonable excuse in the form of law office failure, the court properly determined that the defendants failed to demonstrate a potentially meritorious defense to the action.
Nevertheless, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference (see LaSalle Bank N.A. v Carlton, 204 AD3d 985). A plaintiff moving for leave to enter a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's failure to answer or appear (see Capital One, N.A. v Gokhberg, 189 AD3d 978, 979). Pursuant to UCC 3-804, "[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his [or her] own name and recover from any party liable thereon upon due proof of his [or her] ownership, the facts which prevent his [or her] production of the instrument and its terms." Here, [*3]the plaintiff failed to set forth the facts that prevented the production of the original home equity line of credit agreement (see Capital One, N.A. v Gokhberg, 189 AD3d at 979-980; U.S. Bank N.A. v Cope, 175 AD3d 527, 529). The lost note affidavit submitted by the plaintiff in support of its motion, inter alia, for leave to enter a default judgment against the defendants failed to state when the search for the credit agreement occurred, did not identify who conducted the search for the credit agreement, or explain when or how the credit agreement was lost (see Capital One, N.A. v Gokhberg, 189 AD3d at 980; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
In view of the foregoing, we need not reach the defendants' remaining contentions.
CHAMBERS, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court